1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
       A Limited Liability Partnership
2      Including Professional Corporations
   RAYMOND C. MARSHALL, Cal. Bar No. 83717
3  rmarshall@sheppardmullin.com
   JULIE A. BAUMAN, Cal. Bar No. 301489
4  jbauman@sheppardmullin.com
   Four Embarcadero Center, 17th Floor
5  San Francisco, California 94111-4109
   Telephone:   415.434.9100
6  Facsimile:   415.434.3947

7  Attorneys for STUART FROST; FROST
   MANAGEMENT COMPANY, LLC
8

9              UNITED STATES DISTRICT COURT

10           CENTRAL DISTRICT OF CALIFORNIA

11

12  SECURITIES AND EXCHANGE          Case No. 8:19-cv-01559
    COMMISSION,
13                                   **DEFENDANTS' ANSWER TO**
                 Plaintiff,          **PLAINTIFF'S COMPLAINT**
14
          v.
15
    STUART FROST and FROST
16  MANAGEMENT COMPANY, LLC,

17             Defendant.

18

19

20

21

22

23

24

25

26

27

28

## JURISDICTION AND VENUE

1.     In response to Paragraph 1 of the Complaint, Defendants Stuart Frost ("Frost") and Frost Management Company, LLC ("FMC") are not required to answer legal conclusions and argument, and on that basis, deny each and every allegation.

2.     In response to Paragraph 2 of the Complaint, Defendants Frost and FMC (collectively, "Defendants") are not required to answer legal conclusions and argument, and on that basis, deny each and every allegation.

3.     In response to Paragraph 3 of the Complaint, Defendants are not required to answer legal conclusions and argument, and on that basis, deny each and every allegation.

## SUMMARY

4.     In response to Paragraph 4 of the Complaint, Defendants deny each and every allegation.

5.     In response to Paragraph 5 of the Complaint, Defendants admit each and every allegation, including that Frost Data Capital ("FDC") did provide operational support and other services to help "incubate" the portfolio companies in anticipation of those companies maturing and ultimately being sold or acquired by another company.

6.     In response to Paragraph 6 of the Complaint, Defendants deny each and every allegation.

7.     In response to Paragraph 7 of the Complaint, Defendants deny each and every allegation.

8.     In response to Paragraph 8 of the Complaint, Defendants deny each and every allegation.

9.     In response to Paragraph 9 of the Complaint, Defendants deny each and every allegation.

10.    In response to Paragraph 10 of the Complaint, Defendants are not required to answer legal conclusions and argument, and on that basis, deny each and every allegation.

## THE DEFENDANTS

11.    In response to Paragraph 11 of the Complaint, Defendants admit that he is age 57 and is currently the sole owner and manager of FMC and is currently the sole manager of FDC, but deny that he is currently a resident of Laguna Niguel, California.

12.    In response to Paragraph 12 of the Complaint, Defendants admit each and every allegation.

## RELATED PARTIES

13.    In response to Paragraph 13 of the Complaint, Defendants admit that Frost Data Capital, LLC ("FDC"), formerly known as Frost Venture Partners, LLC, is a Delaware limited liability company located in Orange County, California, admit that Frost's family trust is currently the sole member, and admit that Frost is currently the sole manager of FDC.

14.    In response to Paragraph 14 of the Complaint, Defendants admit each and every allegation.

15.    In response to Paragraph 15 of the Complaint, Defendants admit each and every allegation.

16.    In response to Paragraph 16 of the Complaint, Defendants admit each and every allegation.

17.    In response to Paragraph 17 of the Complaint, Defendants admit each and every allegation.

18.    In response to Paragraph 18 of the Complaint, Defendants admit each and every allegation.

19.    In response to Paragraph 19 of the Complaint, Defendants neither admit or deny this allegation.

20.     In response to Paragraph 20 of the Complaint, Defendants are not required to answer legal conclusions and argument, and on that basis, deny each and every allegation.

## **THE ALLEGATIONS**

21.     In response to Paragraph 21 of the Complaint, Defendants admit each and every allegation.

22.     In response to Paragraph 22 of the Complaint, Defendants admit each and every allegation.

23.     In response to Paragraph 23 of the Complaint, Defendants admit each and every allegation.

**A.      FMC's and Frost's "Incubator Model"**

24.     In response to Paragraph 24 of the Complaint, Defendants admit each and every allegation.

25.     In response to Paragraph 25 of the Complaint, Defendants admit each and every allegation.

26.     In response to Paragraph 26 of the Complaint, Defendants admit each and every allegation, including that FDC had an emphasis on big data analytics and cloud computing and later, the "internet of things."

27.     In response to Paragraph 27 of the Complaint, Defendants admit each and every allegation.

28.     In response to Paragraph 28 of the Complaint, Defendants admit each and every allegation.

29.     In response to Paragraph 29 of the Complaint, Defendants admit each and every allegation.

30.     In response to Paragraph 30 of the Complaint, Defendants admit each and every allegation.

31.     In response to Paragraph 31 of the Complaint, Defendants deny each and every allegation.

32. In response to Paragraph 32 of the Complaint, Defendants deny each and every allegation.

33. In response to Paragraph 33 of the Complaint, Defendants deny each and every allegation.

### 1. The Funds' Investment Committees

34. In response to Paragraph 34 of the Complaint, Defendants admit each and every allegation.

35. In response to Paragraph 35 of the Complaint, Defendants admit each and every allegation.

36. In response to Paragraph 36 of the Complaint, Defendants admit each and every allegation.

37. In response to Paragraph 37 of the Complaint, Defendants admit each and every allegation.

38. In response to Paragraph 38 of the Complaint, Defendants admit that all actions of the Seed Fund's investment committee required at least a majority vote of its members, provided, however, in the event of a tie vote, the investment decision would be made by Frost, in his capacity as manager of FMC, in his sole discretion, but Defendants deny that all members of the investment committee would be required to vote in accordance with the determination of the manager, *i.e.*, Frost.

39. In response to Paragraph 39 of the Complaint, Defendants admit each and every allegation.

### 2. The Funds' Advisory Committees

40. In response to Paragraph 40 of the Complaint, Defendants admit each and every allegation.

41. In response to Paragraph 41 of the Complaint, Defendants admit each and every allegation.

42. In response to Paragraph 42 of the Complaint, Defendants deny each and every allegation.

43. In response to Paragraph 43 of the Complaint, Defendants deny each and every allegation.

### 3. Frost's Solicitation of Investors and Prospective Investors

44. In response to Paragraph 44 of the Complaint, Defendants admit each and every allegation.

45. In response to Paragraph 45 of the Complaint, Defendants admit each and every allegation.

46. In response to Paragraph 46 of the Complaint, Defendants admit each and every allegation.

47. In response to Paragraph 47 of the Complaint, Defendants admit each and every allegation.

48. In response to Paragraph 48 of the Complaint, Defendants admit each and every allegation.

49. In response to Paragraph 49 of the Complaint, Defendants admit each and every allegation.

## B. The Fraud

50. In response to Paragraph 50 of the Complaint, Defendants deny each and every allegation.

### 1. Undisclosed and Excessive Incubator Fees

51. In response to Paragraph 51 of the Complaint, Defendants deny each and every allegation.

52. In response to Paragraph 52 of the Complaint, Defendants deny each and every allegation.

53. In response to Paragraph 53 of the Complaint, Defendants admit each and every allegation.

54. In response to Paragraph 54 of the Complaint, Defendants deny each and every allegation.

1   55.   In response to Paragraph 55 of the Complaint, Defendants deny each
2   and every allegation.

3   56.   In response to Paragraph 56 of the Complaint, Defendants deny each
4   and every allegation.

5   57.   In response to Paragraph 57 of the Complaint, Defendants admit each
6   and every allegation.

7   58.   In response to Paragraph 58 of the Complaint, Defendants deny each
8   and every allegation.

9   59.   In response to Paragraph 59 of the Complaint, Defendants deny each
10  and every allegation.

11  60.   In response to Paragraph 60 of the Complaint, Defendants deny each
12  and every allegation.

13  61.   In response to Paragraph 61 of the Complaint, Defendants admit each
14  and every allegation.

15  62.   In response to Paragraph 62 of the Complaint, Defendants deny each
16  and every allegation.

17  63.   In response to Paragraph 63 of the Complaint, Defendants deny each
18  and every allegation.

19  64.   In response to Paragraph 64 of the Complaint, Defendants admit each
20  and every allegation.

21  65.   In response to Paragraph 65 of the Complaint, Defendants deny each
22  and every allegation.

23  66.   In response to Paragraph 66 of the Complaint, Defendants deny each
24  and every allegation.

25  67.   In response to Paragraph 67 of the Complaint, Defendants deny each
26  and every allegation on information and belief.

27  68.   In response to Paragraph 68 of the Complaint, Defendants deny each
28  and every allegation on information and belief.

69.     In response to Paragraph 69 of the Complaint, Defendants deny each and every allegation.

70.     In response to Paragraph 70 of the Complaint, Defendants admit each and every allegation.

71.     In response to Paragraph 71 of the Complaint, Defendants deny each and every allegation.

72.     In response to Paragraph 72 of the Complaint, Defendants deny each and every allegation.

73.     In response to Paragraph 73 of the Complaint, Defendants deny each and every allegation.

74.     In response to Paragraph 74 of the Complaint, Defendants deny each and every allegation.

75.     In response to Paragraph 75 of the Complaint, Defendants deny each and every allegation on information and belief.

76.     In response to Paragraph 76 of the Complaint, Defendants admit each and every allegation.

77.     In response to Paragraph 77 of the Complaint, Defendants deny each and every allegation on information and belief.

78.     In response to Paragraph 78 of the Complaint, Defendants admit that cancellation of the service agreements required 180 days' notice, and deny that once a CEO was hired for a new portfolio company, the company was burdened with a non-negotiable, non-cancellable fee for at least six months.

79.     In response to Paragraph 79 of the Complaint, Defendants deny each and every allegation.

80.     In response to Paragraph 80 of the Complaint, Defendants admit CEOs of the portfolio companies voiced concern to Frost and other members of FDC's management over the incubator fees but deny the fees were exorbitant.

81.   In response to Paragraph 81 of the Complaint, Defendants admit each and every allegation.

82.   In response to Paragraph 82 of the Complaint, Defendants deny Frost refused to negotiate the amount of the incubator fees, but admit it informed at least one CEO that the incubator fees were "prix fixe," not "a la carte."

83.   In response to Paragraph 83 of the Complaint, Defendants admit each and every allegation.

84.   In response to Paragraph 84 of the Complaint, Defendants admit that SDC was created in 2014 to provide marketing services to the portfolio companies.

85.   In response to Paragraph 85 of the Complaint, Defendants admit FDC began charging the portfolio companies an additional $5,100 per month for marketing upon the creation of SDC, and deny the remaining allegations.

86.   In response to Paragraph 86 of the Complaint, Defendants admit each and every allegation.

87.   In response to Paragraph 87 of the Complaint, Defendants admit each and every allegation.

88.   In response to Paragraph 88 of the Complaint, Defendants deny each and every allegation.

### 2.   Undisclosed Incubator Fee Amounts

89.   In response to Paragraph 89 of the Complaint, Defendants admit each and every allegation.

90.   In response to Paragraph 90 of the Complaint, Defendants deny each and every allegation.

91.   In response to Paragraph 91 of the Complaint, Defendants deny each and every allegation.

### 3.   Generation of Additional Incubator Fees

92.   In response to Paragraph 92 of the Complaint, Defendants deny each and every allegation.

93.     In response to Paragraph 93 of the Complaint, Defendants admit that although Frost disclosed to potential investors in the PowerPoint marketing materials that he contemplated starting only two to four portfolio companies per year, in fact, Frost created 12 of the 24 portfolio companies between April 2014 and February 2015, when Frost and his family temporarily moved to Italy and deny that Frost charged many personal expenses to FDC.

94.     In response to Paragraph 94 of the Complaint, Defendants deny each and every allegation.

95.     In response to Paragraph 95 of the Complaint, Defendants deny each and every allegation.

96.     In response to Paragraph 96 of the Complaint, Defendants deny that the archery range, boat payments and maintenance, and beach club membership were personal expenses, deny that lease payments for cars and personal credit card payments were charged to FDC, and admit that payments for Frost's personal chef, housekeeper, and wine locker were charged to FDC as part of Frost's salary.

97.     In response to Paragraph 97 of the Complaint, Defendants deny each and every allegation.

98.     In response to Paragraph 98 of the Complaint, Defendants admit that in an email dated June 10, 2016, Frost told FDC's CFO that it was "critically important to get the incubator to break even ASAP." Frost also told FDC's CFO that "to achieve this we need to … start a few new companies ASAP" and also "move costs to the newcos [new portfolio companies] by assigning some of our incubator execs as CEO/CTO."

99.     In response to Paragraph 99 of the Complaint, Defendants deny each and every allegation.

100.    In response to Paragraph 100 of the Complaint, Defendants deny each and every allegation.

101.   In response to Paragraph 101 of the Complaint, Defendants admit each and every allegation.

**4.      Undisclosed and Unearned Management Fees**

102.   In response to Paragraph 102 of the Complaint, Defendants deny each and every allegation.

103.   In response to Paragraph 103 of the Complaint, Defendants deny each and every allegation.

104.   In response to Paragraph 104 of the Complaint, Defendants deny each and every allegation.

105.   In response to Paragraph 105 of the Complaint, Defendants deny each and every allegation.

106.   In response to Paragraph 106 of the Complaint, Defendants admit each and every allegation.

107.   In response to Paragraph 107 of the Complaint, Defendants admit that Fund II paid management fees of over $1.7 million, and deny that incubator fees charged to Fund II should have been used to offset those management fees.

**C.   Materiality**

108.   In response to Paragraph 108 of the Complaint, Defendants are not required to answer legal conclusions and argument, and on that basis, deny each and every allegation.

109.   In response to Paragraph 109 of the Complaint, Defendants deny each and every allegation.

110.   In response to Paragraph 110 of the Complaint, Defendants deny each and every allegation.

111.   In response to Paragraph 111 of the Complaint, Defendants deny each and every allegation.

SMRH:4813-8270-6867.2

**D.      Frost Acted Knowingly, or, at a Minimum, Negligently**

112.   In response to Paragraph 112 of the Complaint, Defendants deny each and every allegation.

113.   In response to Paragraph 113 of the Complaint, Defendants deny each and every allegation.

114.   In response to Paragraph 114 of the Complaint, Defendants deny each and every allegation.

**E.      Frost and FMC Acted as Investment Advisors**

115.   In response to Paragraph 115 of the Complaint, Defendants are not required to answer legal conclusions and argument, and on that basis, deny each and every allegation.

116.   In response to Paragraph 116 of the Complaint, Defendants deny that FMC provided investment advice for compensation and admit FMC filed reports with the SEC as an exempt reporting adviser.

117.   In response to Paragraph 117 of the Complaint, Defendants admit Frost was the sole owner and manager of FMC, and deny Frost received compensation for giving advice to the Funds.

118.   In response to Paragraph 118 of the Complaint, Defendants are not required to answer legal conclusions and argument, and on that basis, deny each and every allegation.

**F.      Defendants' Tolling Agreements**

119.   In response to Paragraph 119 of the Complaint, Defendants admit Frost entered a tolling agreement with the SEC to toll the running of any statute of limitations for an action or proceeding against him for the period of January 1, 2019 through August 21, 2019 and admit FMC entered tolling agreements with the SEC to toll the running of any statute of limitations for an action or proceeding against it for the period of February 22, 2018 through February 21, 2019.

# FIRST CLAIM FOR RELIEF

## Fraud by an Investment Adviser

## Violations of Sections 206(1) and 206(2) of the Advisers Act

### (against Defendants Frost and FMC)

120.   In response to Paragraph 120 of the Complaint, Defendants are not required to answer legal conclusions and argument, and on that basis, deny each and every allegation.

121.   In response to Paragraph 121 of the Complaint, Defendants are not required to answer legal conclusions and argument, and on that basis, deny each and every allegation.

122.   In response to Paragraph 122 of the Complaint, Defendants deny each and every allegation.

123.   In response to Paragraph 123 of the Complaint, Defendants deny each and every allegation.

124.   In response to Paragraph 124 of the Complaint, Defendants deny each and every allegation.

125.   In response to Paragraph 125 of the Complaint, Defendants deny each and every allegation.

# SECOND CLAIM FOR RELIEF

## Fraud Involving a Pooled Investment Vehicle

## Violations of Sections 206(4) of the Advisers Act and Rule 206(4)-8(a)(1)-(a)(2)

### (against Defendants Frost and FMC)

126.   In response to Paragraph 126 of the Complaint, Defendants are not required to answer legal conclusions and argument, and on that basis, deny each and every allegation.

127.   In response to Paragraph 127 of the Complaint, Defendants deny each and every allegation.

128.   In response to Paragraph 128 of the Complaint, Defendants deny each and every allegation.

129.   In response to Paragraph 129 of the Complaint, Defendants deny each and every allegation.

130.   In response to Paragraph 130 of the Complaint, Defendants deny each and every allegation.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses to the Complaint:

### FIRST AFFIRMATIVE DEFENSE

(Failure to State A Claim)

1.   The Complaint fails to state a claim for relief for each purported cause of action in the Complaint.

### SECOND AFFIRMATIVE DEFENSE

(Statute of Limitations)

2.   The Securities and Exchange Commission ("Commission") has failed to bring its claim within the statutory time limit required by the applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

(Estoppel)

3.   The Commission's claims are barred, in whole or in part, by the doctrine of estoppel.

### FOURTH AFFIRMATIVE DEFENSE

(Consent)

4.   Any alleged conduct that occurred was privileged, justified or excused because it was consented to.

## FIFTH AFFIRMATIVE DEFENSE

### (Compliance With Law)

5.      Defendants' conduct was prescribed by law and Defendants complied with that law.  Defendants are therefore shielded from liability.

## SIXTH AFFIRMATIVE DEFENSE

### (No Knowing or Willful Conduct)

6.      Any conduct of Defendants was not a knowing or willful violation of the Advisers Act or any other law.

## SEVENTH AFFIRMATIVE DEFENSE

### (Good Faith)

7.      Defendants acted in good faith and without intent to engage in any known wrongful act or violation of law.  If any violation occurred, it was in error, notwithstanding the maintenance of procedures reasonably adopted to avoid wrongful acts or violations of law.

## EIGHTH AFFIRMATIVE DEFENSE

### (Exclusive or Partial Fault of Third Parties)

8.      If any violations alleged in the Complaint occurred, they were caused solely, directly, and proximately by the negligent and/or intentional acts or omissions of persons or entities other than Defendants.

## NINTH AFFIRMATIVE DEFENSE

### (Justification)

9.      Defendants' actions were reasonably justified under the circumstances then apparent, and thus are shielded from liability.

## TENTH AFFIRMATIVE DEFENSE

### (Acts of Others)

10.      Any violations that occurred, if any, were caused by persons over whom Defendants had no control or responsibility.

## ELEVENTH AFFIRMATIVE DEFENSE

### (No Material Misstatement)

11.   Defendants did not make any untrue statement of material fact nor did they omit to state a material fact required to be stated or necessary to make the statements not misleading, and any alleged misstatements were not material to the investment decisions of a reasonable investor.

## TWELFTH AFFIRMATIVE DEFENSE

### (Actual Disclosure)

12.   Any material information alleged to have been misrepresented or omitted by Defendants was in fact disclosed.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Failure to Join An Indispensable Party)

13.   The Commission has failed to join an indispensable party.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Laches)

14.   The Commission's claims are barred, in whole or in part, by the doctrine of laches.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (No Fair Notice)

15.   The Commission's claims are barred by the doctrine of fair notice.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Waiver)

16.   The Commission's claims are barred, in whole or in part, by the doctrine of waiver.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Good Faith Reliance)

17.     Defendants relied in good faith on the available guidance, advice, recommendations, opinions, and findings of experts, accountants, auditors, attorneys and other professionals in the field.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Due Process)

18.     The allegations and claims asserted in the Complaint and each claim alleged against Defendants therein, and the proceedings violate Defendants due process rights.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Additional Defenses)

19.     Defendants reserve the right to assert additional affirmative defenses.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray for judgment against the Commission as follows:

1.     That the Commission takes nothing by way of its Complaint;

2.     That the Commission's claims against Defendants are dismissed with prejudice;

3.     That Defendants are awarded costs of suit, expenses, and reasonable attorneys' fees to the extent allowed by law; and

4.     For such other relief as this Court may deem appropriate.

## JURY DEMAND

Defendants demand a trial by jury in accordance with Federal Rule of Civil Procedure 38(b).

SMRH:4813-8270-6867.2

Case No. 8:19-cv-01559
DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

1   Dated:  February 21, 2020

2                              SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

3

4                      By

5                               RAYMOND C. MARSHALL

6                               JULIE A. BAUMAN

7                    Attorneys for STUART FROST; FROST

8                    MANAGEMENT COMPANY, LLC

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                     Case No. 8:19-cv-01559
DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT