SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
   Including Professional Corporations
RAYMOND C. MARSHALL, Cal. Bar No. 83717
rmarshall@sheppardmullin.com
ROBERT J. GUITE, Cal. Bar. No. 244590
rguite@sheppardmullin.com
MELISSA K. EAVES, Cal. Bar No. 123021
meaves@sheppardmullin.com
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:  415.434.9100
Facsimile:   415.434.3947

Attorneys for STUART FROST

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                    Plaintiff,<br><br>        v.<br><br>STUART FROST and FROST MANAGEMENT COMPANY, LLC,<br><br>                    Defendants. | Case No. 8:19-cv-01559<br><br>*The Honorable Josephine L. Staton*<br><br>**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP'S NOTICE OF MOTION AND MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR DEFENDANT STUART FROST**<br><br>*[[Proposed] Order and Declaration of Raymond C. Marshall submitted concurrently herewith]*<br><br>[Local Rule 83-2.3.2.]<br><br>Date:  October 15, 2021<br>Time: 10:30 a.m.<br><br>Complaint Filed: August 13, 2019<br>Trial Date: Not Set |

-1-

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on October 15, 2021 at 10:30 a.m., or as soon thereafter as the matter may be heard, in Courtroom 10A of the United States District Court, Central District of California, located at 411 W. Fourth St., Santa Ana, CA, 92701, the law firm of Sheppard, Mullin, Richter & Hampton LLP ("Sheppard Mullin") will, pursuant to Local Rule 83-2.3.2, bring on for hearing this motion for an Order permitting it to withdraw as counsel for Stuart Frost ("Frost") in this matter.

Sheppard Mullin makes this motion on the grounds that Frost is not in compliance with the engagement agreement between Frost and Sheppard Mullin. Good cause exists for Sheppard Mullin's withdrawal. Sheppard Mullin represented Frost throughout this litigation. Declaration of Raymond C. Marshall ("Marshall Decl."), ¶ 2. On April 30, 2020, Frost executed an engagement letter with Sheppard Mullin related to this litigation that allows Sheppard Mullin to terminate its representation of Frost at any time, subject to its ethical obligations to give Frost reasonable notice to arrange for alternative representation. *Ibid.* Sheppard Mullin, through its attorneys, communicated to Frost the reasons necessitating Sheppard Mullin's withdrawal, which include professional considerations under California Rule of Professional Conduct 1.16. *Id.* at ¶ 3.

Pursuant to Local Rule 83-2.3.2, Sheppard Mullin provided Frost written notice of their intent to file this motion to withdraw on March 31, 2021, April 11, 2021, and April 16, 2021. *Ibid.* On April 24, 2021, Sheppard Mullin sent a draft of this motion to Frost. *Id.* at ¶ 5. Pursuant to Local Rule 83-2.3.4, on April 19, 2021, our firm sent written notice to Frost of the consequences of FMC's inability to appear pro se. *Id.* at ¶ 6. The Securities and Exchange Commission does not oppose this Motion. *Id.* at ¶ 7.

This Motion is based on this Notice, the accompanying Memorandum of Points and Authorities, the attached Declaration of Raymond C. Marshall, the

-2-

[Proposed] Order lodged concurrently herewith, the files and records in this action, those matters of which this Court may take judicial notice, and such oral argument and evidence as the Court may deem appropriate.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on April 16, 2021.

Dated:  May 7, 2021          SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By          */s/Robert J. Guite*
          RAYMOND C. MARSHALL
          ROBERT J. GUITE
          MELISSA K. EAVES
          Attorneys for STUART FROST; FROST
          MANAGEMENT COMPANY, LLC

-3-

**MEMORANDUM OF POINTS AND AUTHORITIES**

By this Motion, Sheppard, Mullin, Richter & Hampton LLP ("Sheppard Mullin") requests that this Court issue an Order permitting Sheppard Mullin to withdraw as counsel of record for Defendant Stuart Frost ("Frost").  Frost is not in compliance with the terms of the engagement agreement with Sheppard Mullin and Sheppard Mullin communicated the reasons necessitating Sheppard Mullin's withdrawal, which include professional considerations under California Rule of Professional Conduct 1.16, to Frost.  Good cause exists for an Order relieving Sheppard Mullin as Frost's counsel of record.

**I.**

**BACKGROUND FACTS**

Frost retained Sheppard Mullin to represent them in this action and signed a written engagement agreement on April 30, 2020.  Declaration of Raymond C. Marshall ("Marshall Decl."), ¶ 2.  Pursuant to that agreement, Sheppard Mullin may withdraw if Frost do not comply with the engagement agreement.  *Ibid*.  On numerous occasions, including in writing on March 31, April 11, and April 16, 2021, attorneys at Sheppard Mullin informed Frost of Sheppard Mullin's intent to withdraw as Frost's legal counsel and that Frost would need to obtain new counsel. *Id*. at ¶ 3.  Sheppard Mullin conveyed that these reasons include professional considerations under California Rule of Professional Conduct 1.16.  *Ibid*.

There are several upcoming deadlines that would require significant time and effort from Sheppard Mullin, including expert discovery cutoff on June 7, 2021 (Dkt. 43), the final pretrial conference on July 16, 2021 (Dkt. 31), and the opposition to the Securities and Exchange Commission's ("SEC") Motion for Summary Judgment due on July 30, 2021 (Dkt. 46).  No trial date has been set.

Sheppard Mullin respectfully requests that it be relieved as counsel of record for Frost in this matter.

## II.

## ARGUMENT

### A.    There is Good Cause to Allow Sheppard Mullin to Withdraw

"An attorney may not withdraw as counsel except by leave of court." L.R. 83-2.3.2; *Bernstein v. City of Los Angeles*, No. CV1903349PAGJSX, 2020 WL 4288443, at *1 (C.D. Cal. Feb. 25, 2020). "A motion for leave to withdraw must be made upon written notice given reasonably in advance to the client and to all other parties who have appeared in the action." L.R. 83-2.3.2. "The motion for leave to withdraw must be supported by good cause." *Ibid.* When ruling on motions to withdraw, courts consider: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Bernstein*, 2020 WL 4288443 at *1 (quoting *Roy v. County of Los Angeles*, No. CV 12-9012 BRO (FFMx), 2015 WL 12752555, at *2-3 (C.D. Cal. Apr. 27, 2015)). The decision to grant or deny a motion to withdraw is committed to the sound discretion of the district court. *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009).

A client's failure to pay attorneys' fees may serve as good cause for an attorney to withdraw. *Aaron & Andrew, Inc. v. Sears Holdings Mgmt. Corp.*, No. CV 14-1196 SS, 2015 WL 13022804, at *2 (C.D. Cal. Jan. 15, 2015) (*citing Statue of Liberty-Ellis Island Found.*, 110 F.R.D. 395, 397 (S.D. N.Y. 1986)); *Jaguar Land Rover Ltd. v. A-Z Wheels LLC*, No. 13-CV-878 BEN (JMA), 2013 WL 12094184, at *1 (S.D. Cal. Dec. 10, 2013) ("[E]ven [plaintiff's] refusal to pay attorney's fees, by itself, is a sufficient basis for granting [attorney's] motion [to withdraw].""); *Stewart v. Boeing Co.*, No. CV 12-05621 RSWL, 2013 WL 3168269, at *2 (C.D. Cal. June 19, 2013) (granting motion to withdraw due to client's failure to pay attorney's fees); *Darby v. City of Torrance*, 810 F. Supp. 275, 276 (C.D. Cal. 1992) ("[T]he failure of a client to pay attorney's fees will serve as grounds for an attorney to

1    withdraw ….”); *District Council 16 N. Cal. Health & Welfare Trust Fund v.*

2    *Lambard Enters., Inc.*, No. C 09-05189 SBA, 2010 WL 3339446, at *1 (N.D. Cal.

3    2010) ("Failure of a client to pay attorney's fees is grounds for an attorney to

4    withdraw.").

5         In determining whether there are adequate grounds for excusing counsel,

6    federal courts look to applicable state rules of professional conduct.  *Soles v. United*

7    *Airlines, Inc.*, No. CV 16-08769 BRO (EX), 2017 WL 10562538, at *2 (C.D. Cal.

8    Apr. 11, 2017); Phillips & Stevenson, Rutter Group Practice Guide: Federal Civil

9    Procedure Before Trial, Calif. & 9th Cir. Editions (The Rutter Group 2021)

10   ¶ 12:192.  California Rule of Professional Conduct 1.16(b)(4) specifically permits

11   attorney withdrawal where "the client by other conduct renders it unreasonably

12   difficult for the lawyer to carry out the representation effectively."  Likewise,

13   California Rule of Professional Conduct 1.16(b)(5) permits attorney withdrawal

14   where "the client breaches a material term of an agreement with, or obligation, to

15   the lawyer relating to the representation, and the lawyer has given the client a

16   reasonable warning after the breach that the lawyer will withdraw unless the client

17   fulfills the agreement or performs the obligation."  Frost's breach of the engagement

18   agreement establishes good cause to terminate Sheppard Mullin's representation

19   under the California Rule of Professional 1.16(b)(5).

20        There are also several upcoming dates and deadlines that will require

21   significant amounts of time and effort from Sheppard Mullin attorneys, including

22   the final pretrial conference, expert discovery, and an opposition to the SEC's

23   Motion for Summary Judgment.  Dkt. 31, 43, 46.  Sheppard Mullin will be unable to

24   continue as counsel to address these deadlines given Frost's failure to comply with

25   the terms of the engagement agreement.  Accordingly, the Court should find good

26   cause for granting this motion to withdraw.

27

28

SHEPPARD MULLIN'S MOTION
                                                                TO WITHDRAW AS COUNSEL.

**B.** <u>**There Is Ample Time For New Counsel To Prepare For Trial**</u>

The final pretrial conference in this matter is currently set for July 16, 2021. Dkt. 31.  Now is a good time to relieve Sheppard Mullin as counsel of record in this matter.  There is ample time for replacement counsel to take over the case and prepare for a July pretrial conference, and eventually a trial when the trial date is set. Fact discovery is completed and initial expert witness reports have been disclosed. *Id.* at ¶ 4.  All late disclosed witnesses have been deposed, with the exception of Shane Gaudey due a motion to quash his deposition filed by Cooley LLP on April 22, 2021.  *Ibid.*  Accordingly, any substitute counsel will have ample time to familiarize itself with Sheppard Mullin's investigation and legal theories of the case, and to prepare for trial.  This will avoid any prejudice to Frost should Sheppard Mullin be relieved as counsel. And, allowing Sheppard Mullin to withdraw at this juncture, will avoid unnecessary delay to the SEC as substitute counsel may be engaged in advance of the final pretrial conference, still approximately three months away.

### III.

### CONCLUSION

Sheppard Mullin respectfully requests that it be permitted to withdraw as counsel for Frost in this matter.

Dated:  May 7, 2021          SHEPPARD, MULLIN, RICHTER & HAMPTON LLP


By          _____
                          */s/Robert J. Guite*
                    RAYMOND C. MARSHALL
                    ROBERT J. GUITE
                    MELISSA K. EAVES
                    Attorneys for STUART FROST; FROST
                    MANAGEMENT COMPANY, LLC

<u>PROOF OF SERVICE</u>

<u>STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO</u>

At the time of service, I was over 18 years of age and **not a party to this action**.  I am employed in the County of San Francisco, State of California.  My business address is Four Embarcadero Center, 17th Floor, San Francisco, CA 94111-4109.

On May 7, 2021, I served true copies of the following document(s) described as **SHEPPARD, MULLIN, RICHTER & HAMPTON LLP'S NOTICE OF MOTION AND MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR DEFENDANT STUART FROST** on the interested parties in this action as follows:

**SERVICE LIST**

Donald Searles
Douglas M. Miller
Securities and Exchange Commission
444 S. Flower Street, Suite 900
Los Angeles, CA 90071
Telephone: (323) 965-4573
Email: searlesd@sec.gov
         millerdou@sec.gov

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address **_rguite@sheppardmullin.com_** to the persons at the e-mail addresses listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on May 7, 2021, at San Francisco, California.

_____
            _/s/Robert J. Guite_
            Robert J. Guite

-8-

SHEPPARD MULLIN'S MOTION
TO WITHDRAW AS COUNSEL.