**F I L E D**
CLERK, U.S. DISTRICT COURT

May 26, 2021

CENTRAL DISTRICT OF CALIFORNIA
BY: _____kdu_____ DEPUTY

STUART FROST
6 Heavenly Isle
Ladera Ranch, CA 92694
Telephone: (949) 338-6312

*In Propria Persona*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br>Plaintiff,<br>v.<br>STUART FROST and FROST MANAGEMENT COMPANY, LLC,<br>Defendants. | Case No. 8:19-cv-01559<br><br>*The Honorable Josephine L. Staton*<br><br>**STUART FROST'S OPPOSITION TO SHEPPARD, MULLIN, RICHTER & HAMPTON LLP'S MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR DEFENDANT STUART FROST; DECLARATION OF STUART FROST IN SUPPORT THEREOF**<br><br>Hearing Date:     June 4, 2021<br>Time:               10:30 a.m.<br><br>Complaint Filed:   August 13, 2019<br>Trial Date: Not Set |

- 1 -

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

Stuart Frost, an individual defendant, *in properia persona*, hereby opposes the motion by Sheppard, Mullin, Richter and Hampton LLP ("Sheppard Mullin" or "SM"), dated April 16, 2021, to withdraw as counsel of record for defendants Stuart Frost and Frost Management Company, LLC ("FMC"). It should be noted at the threshold that Sheppard Mullin substituted out as counsel for FMC, which is now represented by Callari & Summers.

Stuart Frost opposes SM's motion on grounds that withdrawal at this critical stage of the case would cause extreme prejudice to his defense and may cause the trial to be delayed unnecessarily. If granted, it will necessarily require a continuance of pending deadlines because new counsel would have to be engaged and have a reasonable time to get up to speed on the issues, claims and defenses in this case. Notably, there is an expert discovery deadline of June 7, 2021, as well as several other deadlines/hearings set in this case, including a summary judgment motion by the Securities and Exchange Commission.

Furthermore, the engagement letter referred to in Sheppard Mullin's motion is not attached as an exhibit, presumably because it considered an attorney-client communication. However, having brought this motion primarily on grounds that SM is not likely to be paid its fees by insurance, the Court should note the following statement in the engagement letter: *"We understand that Stuart Frost shall not be individually liable for our fees and costs, but that we will pursue recovery through insurance coverage available to him."* Given that it is very likely that Sheppard Mullin's fees for defending Stuart Frost, both going forwards and for recent months, will be fully covered, or substantially covered, by insurance, withdrawal cannot be justified due to lack of payment. Indeed, Sheppard Mullin has been paid approximately $2 million in fees and costs to date by insurance.

Accordingly, the Motion should be denied.

This Opposition is based on this Notice and Opposition, Declaration of Stuart Frost set forth below, the complete files and records in this action, those matters of which this Court may take judicial notice, and such oral argument and evidence as the Court may deem appropriate at the hearing on the motion.

Dated: May 24, 2021

By: _____

Stuart Frost
*In Propria Persona*

## **DECLARATION OF STUART FROST**

1.      I, Stuart Frost, am a defendant in the above-captioned case.  I am currently represented by Sheppard Mullin (sometimes referred to herein as "SM"), who has served as my counsel of record in this case.

2.      The matters stated herein are true and correct based upon my personal knowledge, except as to those matters that I state is based my understanding or belief, and I would and could so testify if called as a witness to do so.

3.      Sheppard Mullin's motion to withdraw comes at a critical time in my case and will create *extreme prejudice* to my defense if allowed by the Court. It is also unnecessary, given the agreement by my insurance carrier, Liberty Insurance Underwriters, Inc. ("Liberty") to pay the costs of my defense in full, subject to the usual caveats.

4.      It appears that SM's main reason for submitting their motion to withdraw is that they have not been paid 100% in full for previous invoices submitted and that there is some risk going forward that SM may not be paid 100% in full for future invoices. While that is true, it does not tell the full story.

5.      The reality is that Liberty continues to pay the costs of my defense, including my share of SM's outstanding invoices for the last two months. While

Liberty has recently denied coverage for Frost Management Company, LLC ("FMC"), the substitution of counsel for FMC filed on April 30th, 2021 with the Court makes SM's motion to withdraw for FMC moot.

6.      SM refers to the engagement letter between SM, and myself and FMC in connection with this case. I would like to draw the court's attention to Section 3, which contains the following paragraph:

> "We have agreed to undertake this engagement on the condition that, in addition to Frost Management Company, LLC's agreement to pay our fees and charges, there is available insurance proceeds to pay our fees and charges. _We understand that Stuart Frost shall not be individually liable for our fees and costs, but that we will pursue recovery through insurance coverage available to him._"

[Emphasis added.]

7.      Notably, when signing the engagement letter, SM knew full well that FMC had no funds of its own and explicitly agreed that I would not be personally liable for any of their fees. It is therefore surprising that they are trying to withdraw due to lack of payment by FMC and myself of the difference between their actual billings versus the payments made to SM by Liberty.

8.      Also, while it is true that Liberty has created a series of issues involving the payment of SM's bills, these appear to have been resolved to the extent that there is a reasonable expectation of my own defense costs being paid in full – both for past invoices and going forwards.

9.      In terms of SM's past invoices, the reality is that SM has been paid over $2 million to date, out of total billings of approximately $3.1 million, including $124,414.52 paid by me personally. In addition, SM has outstanding invoices from April and May of this year for $431,966.29 and $263,350.10, respectively. Recent communications from Liberty indicate that at least 50% ($363,658.20) of these

invoices will be paid, I believe with a reservation of rights by Liberty.

10.    It should be noted that the 50% payment referred to above is specifically for the defense costs of Stuart Frost, with the remainder being for FMC. This situation arose recently, due to Liberty's decision to apply allocation of costs to the case and their denial of coverage for FMC *going forward*, not for past fees and costs.

11.    To my knowledge, at no time has Liberty denied coverage for me as an individual in connection with this case.

12.    SM's current estimate for their billings in connection with my defense as an individual through the trial is $925,000 and I understand that Liberty has accepted that they must pay those costs. While I accept that there is always some risk of an insurer refusing to pay attorney's fees, it seems to me that that is the situation in every case that is covered by insurance. Given that, what is different about SM's position in this particular case, to the extent that they should be allowed to withdraw? It is my belief that SM should not be allowed to withdraw based upon the facts and circumstances that it presents in its motion.

13.    As the court is aware, there is substantial activity on the case involving expert rebuttals and depositions in the next few weeks, together with a final pre-trial conference set for July 16, 2021. Even more critically, the SEC's Motion for Summary Judgement is due to be heard on August 20, 2021, with my opposition due on July 30, 2021.

14.    The prejudice to me to get new counsel familiar with all the claims and defenses in this case is quite apparent.  Indeed, this is a very complex case and it will take time to get new counsel up to speed if SM's motion is granted. There is also no guarantee that Liberty will agree to pay the related costs. Given that I have no other means of paying these costs, the risks of switching counsel at this point in time are extreme. In a recent Zoom call with me, Michael Stewart (General Counsel of SM) contended that it would only take a couple of days to get new counsel up to speed. Given that SM has already billed over $3 million in connection with this case, I find

STUART FROST'S OPPOSITION TO SHEPPARD MULLIN MOTION TO WITHDRAW AS COUNSEL OF RECORD

that contention to be far from a reasonable estimate.  I believe the Court would agree that "a couple of days" is a gross underestimation of time that it would take new counsel to become adequately prepared to pursue my defense.  The mediation briefs in this matter were, I believe, collectively over 100 pages.  There are hundreds, if not thousands, of relevant documents that have been exchanged to date in this case.

15.     If SM's motion is granted by the Court, it seems that the trial date necessarily will need to be delayed, not to mention the pending deadlines simply because of the need to retain new counsel and allow new counsel a reasonable time to get up to speed. The uncertainty and publicity created by this case is already causing significant damage to my ability to earn a living and any delays will make the damage to me in this regard substantially worse.

16.     In summary, SM's motion to withdraw is unwarranted, given the clear agreements in the engagement letter and Liberty's agreement to pay my defense costs in full. Allowing this motion will create extreme prejudice to my case and is very likely to require a substantial delay of pending motions, discovery deadlines and the trial date, given the amount of time that will be reasonably required to secure alternate counsel and bring them up to speed, not to mention the risk that I will be unable to secure a comparable firm as alternate counsel.  I therefore ask the court to deny SM's motion to withdraw.

I declare under penalty of perjury under the laws of the United States and the laws of the State of California that the foregoing testimony is true and correct. Executed in Orange County, California, this 24th day of May 2021.

By: _____

Stuart Frost
*In Propria Persona*

STUART FROST'S OPPOSITION TO SHEPPARD MULLIN MOTION TO WITHDRAW AS
COUNSEL OF RECORD

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California.  I am over the age of 18 and **not a party to the within action**; my business address is Callari & Summers, 34197 Pacific Coast Highway, Suite 100, Dana Point, CA 92629.

On May 24, 2021, I electronically served true and correct copies of the following document in PDF format, described as:

**[ X ]  STUART FROST'S OPPOSITION TO SHEPPARD, MULLIN, RICHTER & HAMPTON LLP'S MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR DEFENDANT STUART FROST; DECLARATION OF STUART FROST IN SUPPORT THEREOF**

on the interested parties in this action as follows:

**SERVICE LIST**

Donald Searles
Douglas M. Miller
SECURITIES AND EXCHANGE COMM'N
444 S. Flower Street, Suite 900
Los Angeles, CA 90071
Email:    searlesd@sec.gov
          millerdou@sec.gov

Raymond C. Marshall
Robert J. Guite
Melissa K. Eaves
SHEPPARD, MULLIN, et al.
Four Embarcadero Center, 17th Fl.
San Francisco, CA 94111
Email:  rmarshall@sheppardmullin.com
        rguite@sheppardmullin.com
        meaves@sheppardmullin.com

**BY EMAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) referenced above to be sent to the email addresses listed in the Service List to the persons at the e-mail addresses listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**BY ELECTRONIC DOCUMENT SUBMISSION SYSTEM FOR PEOPLE WITHOUT LAWYERS ("EDSS"):**  Stuart Frost, in propria persona, submitted the document referenced above to be filed through the online portal known as EDSS.  EDSS will not send copies of the filed documents to anyone but the Court.  Accordingly, this Proof of Service by Email is also submitted.

/ / /
/ / /

PROOF OF SERVICE

1

2

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

3

Executed on May 24, 2021, at Dana Point, California.

4

5

6

7

Andrew Callari

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 8 -

PROOF OF SERVICE