DONALD W. SEARLES (Cal. Bar No. 135705)
Email: searlesd@sec.gov
DOUGLAS M. MILLER (Cal. Bar. No. 240398)
Email: millerdou@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Michele Wein Layne, Regional Director
Alka N. Patel, Associate Regional Counsel
Amy J. Longo, Regional Trial Counsel
444 S. Flower Street, Suite 900
Los Angeles, California 90071
Telephone: (323) 965-3998
Facsimile: (213) 443-1904

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

### Southern Division

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>STUART FROST AND FROST MANAGEMENT COMPANY, LLC,<br><br>　　　　Defendants. | Case No. 8:19-cv-01559-JLS-JDE<br><br>**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S MOTION *IN LIMINE* TO PRECLUDE DEFENDANTS FROM OFFERING EVIDENCE OR ARGUMENT AT TRIAL REGARDING ADVICE OR PRESENCE OF COUNSEL**<br><br>Date:　July 16, 2021<br><br>Time: 10:30 a.m.<br><br>Courtroom: 10A<br><br>Judge. Hon. Josephine Staton |

## I. INTRODUCTION

Plaintiff Securities and Exchange Commission (the "SEC") moves to preclude defendants Stuart Frost ("Frost") and Frost Management Company, LLC ("FMC") (collectively "Defendants") from offering any evidence or argument at trial that they reasonably relied on the advice of counsel or from presenting evidence concerning the presence or involvement of counsel under Rules 401, 402, and 403 of the Federal Rules of Evidence. The SEC makes this motion because it is clear from the record that Defendants cannot satisfy the elements of an advice of counsel defense. Indeed, Defendants conceded this point when they represented to the Court in their prior filings that they "do not intend to raise the advice of counsel as a defense" in this case. (Dkt. No. 40, p. 8.) This filing simply seeks to make them bound by that representation. What is less clear, however, is whether at trial Defendants will attempt to do indirectly what they acknowledge they cannot and will not do directly. That is, Defendants have refused to stipulate that they will not elicit from any witness communications they or others may have had with counsel. Defendants also refuse to stipulate that they will not seek to emphasize the presence or involvement of counsel, which would unfairly suggest to the jury that counsel somehow "blessed" the conduct at issue in this case. Courts have held that this sort of "back door" advice or presence of counsel defense should not be permitted because it would be irrelevant, confusing, and unduly prejudicial to allow a defendant to present extensive evidence on the presence and involvement of counsel while – at the same time –professing not to be relying on their advice as a defense to the charges. *See SEC v. Tourre*, 950 F. Supp.2d 666, 684 (S.D.N.Y. 2013); *SEC v. Lek Sec. Corp.*, No. 17cv1789 (DLC), 12019 U.S. Dist. LEXIS 192042, *9 (S.D.N.Y. Nov. 2, 2019) ("The intimation that counsel has blessed a transaction or practice without waiver of the attorney-client privilege would give the defendant all the essential benefit of an advice of counsel defense without having to bear the burden of proving any of the elements of the defense.") (citation omitted); *SEC v. Mapp*, No. 4:16-CV-00246, 2017 U.S. Dist.

LEXIS 220012, * 7 (ED. Tex. Dec. 4, 2017) (defendant precluded from placing undue focus that defendant conferred with counsel or that counsel drafted or reviewed offering materials).

Moreover, for Defendants to suggest that Goudey, the only attorney defendants identified in their Rule 26(a)(1) disclosures as a potential witness, somehow "blessed" the adequacy of the disclosures (or lack thereof) that are at issue in this case, would be exceedingly misleading. Goudey, in a recent signed declaration secured by the SEC. has stated under oath that he "had only some limited email communications with [defendants] in 2017 and 2018," which is long after the conduct at issue in this case took place. Moreover, while Goudey acknowledged that he provided legal advice and legal services to FMC, FDC, and the Funds during the years 2013 to 2016, he said he never provided any advice or services to Frost in his individual capacity. Most importantly, Goudey provided no advice to FMC, FDC, and the Funds on the disclosures at issue, including (1) the fees, costs and/or expenses Frost charged, or could charge to the Funds; (2) the fees, costs, and/or expenses Frost charged, or could charge, to FDC; (3) the fees, costs, and/or expenses that FDC charged to the portfolio companies, or whether such fees, costs, and/or expenses were adequately disclosed to the Funds and to the investors, shareholders, limited partners and members of the Funds; and (4) the disclosures Frost made, or did not make, to the Funds' outside auditors. *See* Declaration of Shane Goudey ("Goudey Decl."), ¶¶ 4-8.

Accordingly, the SEC requests that the Court preclude Defendants from offering any evidence or argument at trial that they reasonably relied on the advice of counsel or from presenting evidence concerning the presence or involvement of counsel.

## II.   FACTUAL BACKGROUND

### A.   Defendants Raise the Specter of a Reliance on Counsel Defense

On March 15, 2021, the SEC filed an *ex parte* application with the Court seeking to extend fact discovery and other pretrial deadlines by 30 days based on

Defendants disclosing – for the first time – several fact witnesses on the last day of discovery. (Dkt. No. 39.) One of the newly disclosed witnesses the SEC highlighted in its *ex parte* application was Shane Goudey, FMC's, FDC's and the Funds' counsel at Cooley, LLP and someone who Defendants claimed was knowledgeable on the subject of "entity/fund formation and related documents." (*Id*. at 1.) The SEC explained in its *ex parte* application that these fund formation documents were central to its claims against Defendants and now Defendants appeared to be disclosing Goudey as someone who could support their seventeenth affirmative defense. (*Id.* at 3.) Defendants entitled that affirmative defense "Good Faith Reliance" and asserted that they had "relied in good faith on the available guidance, advice, recommendations, opinions, and finding of experts, accountants, auditors, attorneys and other professionals in the field." (*Id*.) The SEC explained that it had been trying for months to get Defendants to disclose the names of the attorneys they had purportedly relied on for this affirmative defense and the most Defendants would say, prior to the close of fact discovery, was they "had not yet made a decision" on whether to assert a reliance on counsel defense. (*Id.* at 2-6.)

### B.     Defendants Represent to the Court They Will Not Raise a Reliance on Counsel Defense

On March 16, 2021, Defendants filed their opposition to the SEC's *ex parte* application to extend fact discovery. (Dkt. No. 40.) In their opposition, Defendants represented that to the Court that "do not intend to raise the advice of counsel as a defense." (*Id*. at 8.)

### C.     Defendants Refuse to Stipulate That They Will Not Raise a Presence of Counsel Defense

On March 26, 2021, the Court granted the SEC's *ex parte* application, in part, and gave the SEC until April 23, 2021, approximately 30 days, to take the depositions of some of the newly disclosed witnesses, including Goudey. (Dkt. No. 43.) On April 12, 2021, the SEC met and conferred with Defendants' counsel at the time,

Raymond Marshall, to see if it could avoid having to take the deposition of Goudey. *See* Declaration of Douglas M. Miller ("Miller Decl."), Ex. A. The SEC explained that, in order to avoid taking Goudey's deposition, the SEC required Defendants' counsel to confirm in advance:

> (1) Defendants and their counsel would not call Goudey as a witness at trial;
>
> (2) Defendants and their counsel would not seek to satisfy the four factor test for an advice of counsel defense and would not raise, either directly or indirectly, such a defense at trial or at any other stage of the proceedings;
>
> (3) Defendants and their counsel would not elicit from any witness any communications such witness may have had with Goudey, or any other attorney at Cooley; and
>
> (4) Defendants and their counsel would not seek to emphasize or place undue focus on the presence or involvement of counsel in this case, including at meetings and in correspondence, or seek to suggest at trial or any other stage of the proceedings that counsel either implicitly or explicitly "blessed" the offerings and disclosures at issue in this case.

(*Id.*) The SEC explained that it was requesting the fourth confirmation to rule out the possibility that Defendants would seek to raise a presence of counsel defense at trial. (*Id.*) The SEC also directed Defendants' counsel to case law holding that emphasizing the presence of counsel would be irrelevant and only confuse the jury if defendants were not asserting that they had relied on counsel's advice. (*Id.*)

On April 13, 2021, Mr. Marshall notified the SEC that Defendants would only confirm the first two items – they would not call Goudey as a witness at trial and would not seek to establish an advice of counsel defense. (*Id.*) Mr. Marshall would not confirm the last two items (3 and 4), arguing they were inappropriate, overly broad, vague, ambiguous, lacking in specificity and premature. (*Id.*) Mr. Marshall

further argued that requiring Defendants to confirm items 3 and 4 was inconsistent with case law provided by the SEC and was best handled by a motion *in limine*. (*Id.*)

### D. Goudey States Under Oath That He Had Only Limited Email Communications with Defendants in 2017 and 2018

On April 22, 2021, Goudey filed a motion pursuant to Fed. R. Civ. P. 45(d) and Fed. R. Civ. P. 26(c), seeking to quash the deposition subpoena the SEC served on him. *See In Re SEC Subpoena to Shane Goudey,* Case No. 5:21-MC-80090 (N.D. Cal.), Docket Entry No. 1 ("NDCA Dkt. No."). On June 1, 2021, United States Magistrate Virginia K. DeMarchi encouraged Goudey and the SEC to meet and confer on a possible resolution of the motion to quash, including possibly having Goudey prepare a declaration in lieu of testifying at a deposition. (NDCA Dkt. No. 13.)

On June 17, 2021, Goudey signed a sworn declaration in lieu of being deposed by the SEC. Goudey stated, among other things, that between May 2013 and about July 2016, as part of his employment at Cooley, he provided legal advice and legal services to FMC and several FMC related entities and funds. (Goudey Decl., ¶ 6.) However, Goudey stated that he "had only some limited email communications with personnel from these entities in 2017 and 2018," long after many of the events at issue took place. (*Id.*) Moreover, Goudey clarified that defendant Frost himself was never a client of Cooley, and he never provided any legal advice or services to defendant Frost in his individual capacity. (*Id.* at ¶ 7.) More importantly, Goudey stated that he provided no advice to FMC, FDC, and the Funds on the disclosures at issue. (*Id.* at ¶ 8.)

### III. ARGUMENT

#### 1. Defendants Should be Bound by Their Representation to the Court That They Will Not Raise a Reliance of Counsel Defense

The factual elements required for a defendant to make out a reliance on

professionals defense are well-settled:

> In order to establish the affirmative defense of reliance on professional assistance, a defendant 'must show that [he] (1) made a complete disclosure to [the professional]; (2) requested [the professional's] advice as to the legality of the contemplated action; (3) received advice that it was legal; and (4) relied in good faith on that advice."

*SEC v. Retail Pro, Inc.*, No. 08cv1620-WQH-RBB, 2010 WL 1444993, at *6 (S.D. Cal. Apr. 9, 2010) *(citing SEC v. Goldfield Deep Mines Co. of Nevada*, 758 F.2d 459, 467 (9th Cir. 1985)); *see also United States v. Ibarra–Alcarez*, 830 F.2d 968, 973 (9th Cir. 1987).

      Here, Defendants cannot make out any of the first three elements of the defense. As the SEC previously pointed out in its *ex parte* application, Frost, in his deposition in this case, repeatedly refused to answer any questions concerning his communications with counsel regarding the fund documents at issue on the basis that such information is protected by the attorney-client privilege. (Dkt. No. 5, p. 5.); *see also Arista Records, LLC v. Lime Group LLC*, Case No. No. 06-CV-5936-KMW, 2011 WL 1642434, at * 2 (S.D.N.Y. Apr. 20, 2011) ("a party who intends to rely at trial on the advice of counsel must make a full disclosure during discovery; failure to do so constitutes a waiver of the advice-of-counsel defense."). Defendants all but acknowledged their unwillingness and inability to make out an advice of counsel defense when they represented to the Court in their opposition the SEC's *ex parte* application that they "do not intend to raise the advice of counsel as a defense." (Dkt. No. 40, p. 8.) Defendants should now be bound by that representation and precluded from offering any evidence or argument at trial that they reasonably relied on the advice of counsel, particularly when it is so clear they could not satisfy the elements of the defense anyway.

### E. The Court Should Preclude Defendants from Offering Evidence of the Involvement or Presence of Counsel as Irrelevant and Unduly Prejudicial

The Court should also preclude Defendants from offering any evidence or argument as to the involvement or presence of counsel. After all, they have made it clear they are not a asserting that they relied on the advice they received from counsel, making any evidence regarding the involvement or presence of counsel irrelevant and unduly prejudicial to the SEC. *See SEC v. Tourre*, 950 F. Supp.2d 666, 684 (S.D.N.Y. 2013) (finding testimony regarding the presence and involvement of counsel in preparing disclosures to investors irrelevant and prejudicial to the SEC when the defendant made it clear he was not contending he relied on their advice); *see also, SEC v. Lek Sec. Corp.*, 12019 U.S. Dist. LEXIS 192042, *9; *SEC v. Mapp*, 2017 U.S. Dist. LEXIS 220012, * 7.

The SEC tried on its own to close the door to this irrelevant and highly prejudicial evidence by having Defendants stipulate: (1) they would not elicit from any witness any communications such witness may have had with Goudey, or any other attorney at Cooley; and (2) they would not seek to emphasize or place undue focus on the presence or involvement of counsel in this case, including at meetings and in correspondence, or seek to suggest at trial or any other stage of the proceedings that counsel either implicitly or explicitly "blessed" the offerings and disclosures at issue in this case. Defendants refused to enter into this stipulation, claiming that it did not comport with the district court's ruling in *Tourre*. Nothing could be farther from the truth.

The SEC took the language for this proposed stipulation almost word-for-word from *Tourre* and the facts in that case were almost identical to the facts in this case. *See Tourre*, 950 F.Supp.2d at 684-85. In *Tourre*, the SEC sued Goldman Sachs & Co. and its employee, Fabrice Tourre, for allegedly making materially misleading disclosures to investors regarding a synthetic collateralized debt obligation ("CDO").

7

*Id.* at 672. The SEC moved to preclude Tourre from offering evidence, *inter alia*, that in house or outside counsel for Goldman drafted or reviewed the disclosure language in certain transaction documents. *Id.* at 682. The SEC argued that because Tourre stated he had no intention of relying on an advice of counsel defense, he should be precluded from introducing evidence focusing on the fact that counsel reviewed or was copied on various documents containing the disclosures at issue. *Id.* The SEC contended that to permit Tourre to do so would essentially allow him to introduce through the "back door" the same evidence that could only be relevant to an advice of counsel defense. *Id.* at 682-83. The district court agreed with the SEC. *Id.* It reasoned that such testimony would be "irrelevant given Tourre's intention not to present a reliance on counsel defense." *Id.* at 683. Moreover, the district court determined it "would be confusing and unduly prejudicial for Tourre to present extensive evidence on the presence and involvement of lawyers – who are presumably paid to ensure that any disclosures comply with the relevant legal requirements – while at the same time professing not to have relied on their advice in preparing or disseminating those disclosures." *Id.* The court said all of this could easily confuse the jury, who might believe that the fact that a lawyer is present at meetings means that he or she must have implicitly or explicitly "blessed" the legality of the disclosures. *Id.*

      This appears to be exactly what Defendants are attempting to do here. To make matters worse, unlike *Tourre*, where there was at least some evidence that someone at the company was "interfacing with counsel" about the relevant disclosures, we know from Goudey that he "had only some limited email communications with personnel from these entities in 2017 and 2018," long after the fund documents and the disclosures at issue were drafted. (Goudey Decl., ¶ 6.); *SEC v. Tourre,* 950 F.Supp.2d at 684. In other words, the most that Defendants show here is that they retained counsel to prepare the documents at issue and they cannot offer evidence they actually interfaced with counsel about the relevant disclosures.

8

Defendants made this clear in their opposition to the SEC's *ex parte* application. (Dkt. No. 40, p. 4) ("Guerry identified Cooley as counsel with whom he consulted on *various matters* … Guerry [also] identified Cooley as having drafted certain documents relating to the Frost funds.") (emphasis added.) Needless to say, "[c]ompliance with federal securities laws cannot be avoided by simply retaining outside counsel to prepare required documents." *See SEC v. Enterprise Solutions, Inc.,* 142 F. Supp.2d 561, 576 (S.D.N.Y. 2001); *SEC v. Mapp*, 2017 U.S. Dist. LEXIS 220012, at * 2-3.

## IV. CONCLUSION

For the foregoing reasons, the SEC respectfully submits that the Court preclude defendants from offering any evidence or argument at trial that they reasonably relied on the advice of counsel or the involvement and presence of counsel.

Respectfully submitted,

Dated: June 25, 2021

/s/ *Douglas M. Miller*
DONALD W. SEARLES
DOUGLAS M. MILLER
Attorneys for Plaintiff
Securities and Exchange Commission

# **PROOF OF SERVICE**

I am over the age of 18 years and not a party to this action. My business address is:

U.S. SECURITIES AND EXCHANGE COMMISSION,
444 S. Flower Street, Suite 900, Los Angeles, California 90071
Telephone No. (323) 965-3998; Facsimile No. (213) 443-1904.

On June 25, 2021 I caused to be served the document entitled **PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S MOTION *IN LIMINE* TO PRECLUDE DEFENDANTS FROM OFFERING EVIDENCE OR ARGUMENT AT TRIAL REGARDING ADVICE OR PRESENCE OF COUNSEL** on all the parties to this action addressed as stated on the attached service list:

☐ **OFFICE MAIL:** By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices. I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

☐ **PERSONAL DEPOSIT IN MAIL:** By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service. Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

☐ **EXPRESS U.S. MAIL:** Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

☐ **HAND DELIVERY:** I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

☐ **UNITED PARCEL SERVICE:** By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

☒ **ELECTRONIC MAIL:** By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

☒ **E-FILING:** By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

☐ **FAX:** By transmitting the document by facsimile transmission. The transmission was reported as complete and without error.

I declare under penalty of perjury that the foregoing is true and correct.

Date: June 25, 2021                    */s/ Douglas M. Miller*
                                        Douglas M. Miller

***SEC v. Stuart Frost, et al.***
**United States District Court—Central District of California**
**Case No. 8:19-cv-01559-JLS-JDE**

### SERVICE LIST

Andrew C. Callari
34197 Pacific Coast Highway, Suite 100
Dana Point, CA 92629
ac@callarisummers.com
***Attorney for Defendant Frost Management Company, LLC***

Stuart Frost
6 Heavenly Isle
Ladera Ranch, CA 92694
Telephone: (949) 338-6312
Email: stu.frost@geminos.ai
***Pro Se Defendant***