MARC J. SCHNEIDER, State Bar No. 214609
  mschneider@stradlinglaw.com
JASON DE BRETTEVILLE, State Bar No. 195069
  jdebretteville@stradlinglaw.com
KATHLEEN M. MARCUS, State Bar No. 199857
  kmarcus@stradlinglaw.com
LISA M. NORTHRUP, State Bar No. 293784
  lnorthrup@stradlinglaw.com
SEAN T. LOBB, State Bar No. 324213
  stlobb@stradlinglaw.com

STRADLING YOCCA CARLSON & RAUTH
A PROFESSIONAL CORPORATION
660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660-6422
Telephone: (949) 725-4000
Facsimile: (949) 725-4100

Attorneys for Defendant
STUART FROST

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>STUART FROST and FROST MANAGEMENT COMPANY, LLC,<br><br>Defendants. | CASE NO. 8:19-cv-01559-JLS-JDE<br>Hon. Josephine L. Staton<br><br>**DEFENDANT STUART FROST'S REPLY IN SUPPORT OF *DAUBERT* MOTION TO EXCLUDE OPINIONS OF LEGAL EXPERT KEITH PALZER**<br><br>Date: October 29, 2021<br>Time: 10:30 a.m.<br>Location: Ronald Reagan Federal Bldg.<br>United States Courthouse<br>Courtroom 10A, 10th Floor<br>411 W. Fourth Street<br>Santa Ana, CA, 92701<br><br>Complaint Filed August 13, 2019 |

1

STRADLING YOCCA CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

REPLY IN SUPPORT OF *DAUBERT* MOTION TO EXCLUDE OPINIONS OF KEITH PALZER
4852-4013-7982v9/106778-0001                                                           8:19-cv-01559-JLS-JDE

## I. INTRODUCTION

Mr. Palzer, the SEC's lawyer-witness, is offered for the express purpose of informing the jury that Frost breached his purported duties to investors. At the same time, the SEC is asserting, albeit incorrectly, that if Frost breached a fiduciary duty to investors he is liable under Sections 206(1), 206(2), and 206(4) of the Investment Advisers Act ("Advisers Act") and Rule 206(4)-8. In fact, Mr. Palzer has testified that, in his opinion, Frost's conduct is "considered to be investment fraud under the Investment Advisers Act of 1940." (Dkt. No. 94-1, Ex. 12.) It is difficult to conceive of testimony that more explicitly violates the province of the Court and the jury in this case. It is plainly inadmissible.

The SEC's Opposition tries to avoid this result by characterizing Mr. Palzer's testimony as something other than what he has explicitly stated, but his report and testimony speak for themselves. Mr. Palzer holds himself out as, and is offered by the SEC as, a lawyer opining that Frost breached fiduciary duties owed to investors. This not a proper subject of expert testimony, and the SEC cannot, at this late stage, rehabilitate Mr. Palzer by offering to have him use unspecified "alternate language."

In addition, the Opposition concedes that the Arbitration Award is inadmissible at trial, but then ignores Mr. Palzer's explicit, wholesale reliance on the arbitrators' findings of fact and legal conclusions. This backdoor attempt to get the highly prejudicial and admittedly inadmissible Arbitration Award before the jury also should not be allowed. Accordingly, Frost respectfully requests that his Motion to exclude Mr. Palzer's opinions be granted in its entirety.

## II. ARGUMENT

### A. Mr. Palzer's Repeated Legal Opinion That Frost Breached His Fiduciary Duty Renders His Testimony Inadmissible.

Legal experts cannot instruct the factfinder on how to decide a case from the witness stand: "[E]xpert testimony as to legal conclusions that will determine the

-2-

MEMORANDUM OF POINTS AND AUTHORITIES
4852-4013-7982v9/106778-0001
8:19-cv-01559-JLS-JDE
STRADLING YOCCA CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

| | |
|---|---|
| 1 | outcome of the case is inadmissible." *Good Shepherd Manor Found., Inc. v. City of* |
| 2 | *Momence*, 323 F.3d 557, 564 (7th Cir. 2003).  As set forth in the Motion, |
| 3 | Mr. Palzer's proffered testimony explicitly instructs the jury that Frost's conduct |
| 4 | amounted to multiple breaches of fiduciary duties owed to investors.  It is a closing |
| 5 | argument by a paid witness, not an expert opinion, and it has not place at trial. |
| 6 | In an effort to distinguish Mr. Palzer's legal conclusion from those |
| 7 | disallowed in *United States v. Scop*, 846 F.2d 135, 139-142 (2d Cir. 1988), the |
| 8 | SEC argues that because the claims here "do not contain as an element of the |
| 9 | statutory language a breach of fiduciary duty," the Court need not worry about |
| 10 | having Mr. Palzer instruct the jury on this legal conclusion. (Dkt. No. 114 |
| 11 | ("Opp.") at p. 11.)  This argument ignores the fact the a finding of a breach of |
| 12 | fiduciary duty is itself an inadmissible legal conclusion.  Even worse, it ignores the |
| 13 | fact that the SEC has repeatedly and vigorously asserted that breaches of fiduciary |
| 14 | duties owed to the Fund and investors establish the violations of the Advisors Act |
| 15 | alleged in the Complaint, just as Mr. Palzer himself concluded in his prior |
| 16 | testimony.  Indeed, this theory is the basis on which the SEC claims Mr. Palzer's |
| 17 | opinions have probative value in this case |
| 18 | Indeed, in the Opposition itself, the SEC asserts that "Frost owed fiduciary |
| 19 | duties to investors under Delaware law, and evidence regarding those duties and |
| 20 | how Frost's conduct breached the[m] [*sic*] is relevant to the SEC's claims that |
| 21 | Defendants' employed a scheme to defraud the funds themselves" in violation of |
| 22 | the Advisers Act.  (Opp. at pp. 16-17.)  The SEC's Complaint is even more clear in |
| 23 | stating, in the first cause of action, that Frost and FMC "breached their fiduciary |
| 24 | duties to the Funds, by failing to disclose material information and conflicts of |
| 25 | interest regarding the incubator fees charged by FDC" in violation of the Advisors |
| 26 | Act.  (Dkt. No. 1 at ¶ 122.) |
| 27 | Likewise, in its Memorandum of Contentions of Fact and Law, the SEC |
| 28 | states that: "In substance, the complaint alleges that Defendants breached their |

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-3-

MEMORANDUM OF POINTS AND AUTHORITIES

4852-4013-7982v9/106778-0001                                                                           8:19-cv-01559-JLS-JDE

*fiduciary duties* as investment advisers and engaged in a scheme to defraud their advisory clients, consisting of five private venture capital funds and the funds' individual investors." (Dkt. No. 64 at 1 (emphasis added).) The SEC's efforts to minimize the relationship between Mr. Palzer's legal conclusions and its claims under the Advisers Act are belied by its own Complaint, its own briefing, and Mr. Palzer's own testimony.

In a similar vein, the SEC asserts that Mr. Palzer's legal opinions on breach of fiduciary duty somehow fall short of establishing an element of the SEC's claims because Mr. Palzer does not explicitly opine on Frost's "scienter, knowledge, recklessness, or negligence." (*See* Opp. at p. 11.) But that is not true. Mr. Palzer plainly describes purportedly intentional (not accidental) conduct, opines that the conduct constitutes a breach of fiduciary duty, and concludes that those breaches constitute a fraud under the Advisors Act. (*See*, *e.g.*, Dkt. No. 94-1, Ex. 12.)

Moreover, according to Mr. Palzer and the SEC, "[t]he same evidence showing that Frost knowingly and/or recklessly breached his fiduciary duties to the Funds also demonstrates his scienter. . . Frost acted at least negligently by falling below the standard of care expected of an investment adviser through his self-dealing. For an investment adviser, the standard of care is based on its fiduciary duty." (Dkt. No. 64 at p. 14; *see* Opp. at pp. 9-12.) Mr. Palzer's proffered opinions, according to the SEC, thus independently establish, without the need for any other witnesses, Frost's alleged violations of the Advisors Act. This attempt to have a lawyer retained deliver an all-inclusive closing argument from the stand is plainly improper.

**B.     Mr. Palzer's Legal Opinions Cannot Be Saved By The Use Of Alternate Language.**

"[F]ederal courts typically prohibit lawyers. . . from interpreting the law for the court or from advising the court about how the law should apply to the facts of

-4-

a particular case." *Sportvision, Inc. v. Sportsmedia Tech. Corp.*, 2005 U.S. Dist. LEXIS 59057, at *7 (N.D. Cal. Apr. 12, 2005). Mr. Palzer is an attorney retained by the government whose proffered testimony consists entirely of adopting the arbitrators' factual findings and concluding that that Frost violated the Advisors Act by breaching his purported fiduciary duties to investors. While the SEC is now offering to roll back the tape and cut its witness before he reaches his ultimate legal opinion, it is unclear how that is possible, much less fair, at this late date.

As a threshold matter, the SEC's attempt to salvage it legal expert is impossibly vague. The SEC proposes that Mr. Palzer "can use alternative language to explain his opinions as to the specific breaches at issue at trial." (Opp. at p. 12.) But the SEC does not explain what the "alternative language" might be, or whether it intends to offer some new report or allow Mr. Palzer to be deposed regarding this new testimony. It is impossible, therefore, to determine whether the SEC's attempt to reinvent Mr. Palzer could be effective, even if it were somehow permissible, which it is not.

Moreover, the SEC does not explain how changing the wording used by Mr. Palzer could make his legal opinions admissible. Even if Mr. Palzer had not framed his testimony in the form of explicit legal conclusions, and avoided legal terminology, the result would be the same. Indeed, as one might expect, past efforts to do something along these lines have failed. For example, "an ultimate legal conclusion based upon the facts of the case is not admissible, and may not be made so simply because it is presented in terms of industry practice." *United States v. Bilzerian*, 926 F.2d 1285, 1295 (2d Cir. 1991); *see Wichansky v. Zowine*, 2016 U.S. Dist. LEXIS 37065, at *18 (D. Ariz. Mar. 22, 2016) (testimony from "a lawyer about the law of fiduciary duties and the legal requirements of a federal statute, and opines that [the defendant's] conduct violated those laws" held inadmissible); *Sportvision, Inc. v. Sportsmedia Tech. Corp.*, 2005 U.S. Dist. LEXIS 59057, at *12 (N.D. Cal. Apr. 12, 2005) (opinions offered by lawyer were

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-5-
MEMORANDUM OF POINTS AND AUTHORITIES
4852-4013-7982v9/106778-0001                                8:19-cv-01559-JLS-JDE

inadmissible despite offer to modify language because "after omitting [the expert's] legal arguments and conclusions [from his report], the Court is left with a synopsis of [the expert's] qualifications.").

### C. Mr. Palzer's Opinions Are Unreliable Because He Opines On A Breach Of Fiduciary Duty That Is Not At Issue In This Litigation.

Mr. Palzer erroneously asserts that Frost owed and breached a fiduciary duty to investors. Mr. Palzer does so despite the fact that (i) no such duty exists and (ii) such a breach by Frost has no relevance to the Advisors Act claims asserted by the SEC in this case. Mr. Palzer states, for example, "[i]n my opinion, Frost breached his fiduciary duty to the Frost Funds' investors." (*See* Dkt. No. 94 (citing Palzer Rpt. ¶ 159).) Indeed, as established above, the entire point of Mr. Palzer's testimony is his opinion that Frost and FMC "breached fiduciary duties to the Frost Funds ***and the funds' investors***" in violation of the Advisors Act. (*Id.* at ¶ 187; *see* Dkt. No. 94-1, Ex. 12) (emphasis added.) But this is both wrong as a matter of law and irrelevant.

The SEC has never, claimed that there is a fiduciary duty owed to investors in the Funds at issue arising under the Advisers Act with respect to either of its claims. (*See* Opp. at p. 14-16.) Indeed, the SEC's Complaint does not allege a fiduciary duty owed to the investors in the Funds under the Advisers Act, Delaware law, or any other law. Rather, the SEC only alleges that Frost owed a fiduciary duty to the Funds; nowhere does the SEC allege that Frost owed a fiduciary duty to the investors in the Funds. (*See* Dkt. No. 1 ("Complaint") at ¶ 122 (alleging "Frost and FMC made material misstatements and omissions, and breached their fiduciary duties to the Funds").)

To be sure, the SEC recently has raised a new argument asserting that Frost owed a fiduciary duty to investors under Delaware law based on the Funds' operating and partnership agreements. However, as set forth in Frost Motion In Limine No. 2, (Dkt. No. 103), and the accompanying reply brief filed concurrently

-6-

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

MEMORANDUM OF POINTS AND AUTHORITIES
4852-4013-7982v9/106778-0001                                    8:19-cv-01559-JLS-JDE

herewith, Frost did not owe such a fiduciary duty to investors and, even he did, that fiduciary duty is not relevant to either of the SEC's claims under the Advisor's Act.

As a threshold matter, Mr. Palzer's assertion of concurrent duties owed by Frost to the Funds and the investors in the Funds is wrong as a matter of law. The court in *Goldstein* explained that the clients of the investment adviser must be the funds themselves and not the investors in the funds because to hold otherwise would create conflicting fiduciary duties for the investment adviser. *See Goldstein v. SEC*, 451 F.3d 873, 881 (D.C. Cir. 2006). Mr. Palzer's assertion of concurrent fiduciary duties owed to investors and the Funds cannot be reconciled with *Goldstein*. Notably, neither Mr. Palzer nor the SEC ever state how any fiduciary duty owed by a manager or a partner arising out of a fund operating agreement might govern that manager's or partner's obligations as an investment adviser under the Advisers Act, or cite any case law supporting such a proposition. (*See* Opp. at p. 16.)

Moreover, any purported duty owed to investors would be patently irrelevant to the SEC's first claim, which alleges violations of Section 206(1) and Section 206(2) of the Advisers Act. The SEC has conceded, as it must, that it first claim alleges Frost defrauded the Funds, not the investors in the Funds. (Opp. at p. 15 ("Consistent with *Goldstein*, the SEC alleges under its Sections 206(1) and (2) claims that Defendants employed a scheme to defraud the funds themselves, rather than the funds' investors.").) That is because Section 206(1) and Section 206(2) of the Advisers Act prohibit defrauding a "client or prospective client." *See* 15 U.S.C. § 80b–6. Frost's clients were, as the SEC admits, the Funds and not the investors in the Funds. (*See* Complaint at ¶ 25.) In sum, the first cause of action is not, and cannot be, based on any breach of any duty to the investors, and Mr. Palzer's opinion that Frost had, much less breached, any duty to investors is patently irrelevant to that claim.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-7-
MEMORANDUM OF POINTS AND AUTHORITIES
4852-4013-7982v9/106778-0001                                    8:19-cv-01559-JLS-JDE

It is equally unclear how, even if Mr. Palzer was correct in asserting a duty to investors, why that duty would be relevant to the SEC's second cause of action. Indeed, the SEC admits that Rule 206(4)-8, the basis for the SEC's second claim, does not create a statutory fiduciary duty owed to investors in the Funds. (*See* Opp. at p. 15.) Unlike the private parties in the arbitration, the SEC is not pursuing a common law fiduciary duty claim in this case; it is pursuing a statutory securities fraud claim. Yet neither Mr. Palzer nor the SEC ever make any attempt to explain how fiduciary duties arising from state law or some other source could be relevant to Frost's obligations Rule 206(4)-8.

Thus, even assuming *arguendo* that Frost owed fiduciary duties to the investors in the Funds, and that he breached those duties Mr. Palzer's opinion that any such breach is relevant to, much less constitutes a breach of, the Advisers Act, is wrong as a matter of law. Mr. Palzer's legally unfounded and wholly irrelevant legal opinions cannot help but confuse the jury, and thus are inadmissible under Federal Rule of Evidence 403.

### D. Mr. Palzer's Copy-Paste Of The Arbitration Award's Legal Conclusions And Factual Findings Render His Opinions Unreliable.

The SEC offers to instruct Mr. Palzer not to discuss the Arbitration Award during his testimony, as it must because the SEC admits the Arbitration Award is inadmissible under Federal Rule of Evidence 403. (Opp. at pp. 21-22.) That instruction would be impossible to follow, however, because Mr. Palzer's opinions cannot be divorced from the Arbitrator's legal and factual findings. And, for that reason alone they are inadmissible. *See Emigh v. Consol. Rail Corp.*, 710 F. Supp. 608, 612 (W.D. Pa. 1989) ("when the underlying source [of an expert opinion] is . . . more prejudicial than probative, making it inadmissible under Rule 403, Rule 703 cannot be used as a backdoor to get the evidence before the jury"); *see, e.g., Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 2014 U.S. Dist. LEXIS

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-8-
MEMORANDUM OF POINTS AND AUTHORITIES
4852-4013-7982v9/106778-0001                                    8:19-cv-01559-JLS-JDE

182756, at *16 (C.D. Cal. Apr. 21, 2014) (quoting and applying the rule); *Hutchinson v. Groskin*, 927 F.2d 722, 726 (2d Cir. 1991) (inadmissible evidence used to bolster expert's own credibility in testifying deprived plaintiff of fair trial warranting reversal).

Nearly all of the factual conclusions and legal conclusions asserted as the basis for Mr. Palzer's opinions consist of references to findings by the arbitrator. This is true of everything from the amount of fees charged by the incubator, (Dkt. No. 94-1, Ex. 2 ("Palzer Rpt.") at ¶ 25 (citing JAMS Decision, p. 5)), to Mr. Palzer's conclusion that certain charges were imposed "on the Portfolio Companies without their consent" (Palzer Rpt. at ¶ 145 (citing JAMS Decision, p. 6).)  Indeed, Mr. Palzer's testimony is little more than an explicit adoption of the Arbitration Award, summed up by Mr. Palzer's conclusion that the arbitrator's "opinion was correct." (Palzer Rpt. at ¶ 186.)

The SEC is ignoring the reality of Mr. Palzer's testimony when it asserts "[t]he factual basis for [Mr. Palzer's] opinions is not the arbitration award itself." (Opp. at p. 14.) The SEC cannot escape the fact that Mr. Palzer's report is replete with references to, and is explicitly dependent on, the findings in the award.

For example, Mr. Palzer repeats a factual and legal finding that "$256,000 of the $396,000 in management fund expenses funded salary payments to Frost were ordered in the JAMS Decision to be refunded," and then opines that, in his "view, these were impermissible self-dealing payments to Frost because they were not specifically disclosed in writing under fiduciary standards of investment management."  (Palzer Rpt. at ¶ 162.)

Similarly, to reach his opinion that Frost misled investors by not properly disclosing the size of his personal investment in the Seed Fund, Mr. Palzer explicitly adopts the arbitrator's factual finding that Frost lied to investors by not telling them of another investor's contribution that occurred alongside Frost's personal investment. (Palzer Rpt. at ¶ 29 ("Mr. Frost told Hollencrest Capital

MEMORANDUM OF POINTS AND AUTHORITIES

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

4852-4013-7982v9/106778-0001                                                                 8:19-cv-01559-JLS-JDE

Management, LLC ('Hollencrest') – an investment management firm that recommended and advised its clients to invest in the Seed Fund – that a Frost entity would invest $6.1 million in the Fund, but Frost did not disclose that that $6 million of that figure came from Mr. Calaco.") (citing JAMS Decision, p. 4).)

And again, in asserting that Frost misled the Hollencrest investors in connection with the Seed Fund investment, Mr. Palzer adopts the arbitrator's factual findings that the Hollencrest investors contributed $6.1 million in the Seed Fund's $7.57 million total subscription amount and that Frost lied because "Hollencrest was originally told by Frost that they would only constitute one-third of the total [$7.57 million contributed to the Seed Fund]." (Palzer Rpt. at ¶ 45 (citing JAMS Decision, p. 5).)

The SEC has already conceded that the Arbitration Award is inadmissible at trial, and it cannot inject that award's findings of fact and conclusions of law into this trial through Mr. Palzer's explicit adoption and endorsement of those findings and conclusions. Because Mr. Palzer's testimony is inextricably intwined with and dependent upon that award, it is inadmissible.

### III. CONCLUSION

For the reasons stated herein and in Frost's Motion, Frost respectfully requests the Court exclude the opinions and testimony of Mr. Palzer in its entirety.

DATED: October 15, 2021         STRADLING YOCCA CARLSON & RAUTH
                                A Professional Corporation


                                By:  /s/ Jason de Bretteville
                                     Marc J. Schneider
                                     Jason de Bretteville
                                     Kathleen M. Marcus
                                     Sean T. Lobb
                                     Lisa M. Northrup

                                     *Attorneys for Defendant*
                                     *STUART FROST*