DONALD W. SEARLES (Cal. Bar. No. 135705)
Email: searlesd@sec.gov
DOUGLAS M. MILLER (Cal. Bar. No. 240398)
Email: millerdou@sec.gov
CHARLES E. CANTER (Cal. Bar. No. 263197)
Email: canterc@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Michele Wein Layne, Regional Director
Alka N. Patel, Associate Regional Counsel
Amy J. Longo, Regional Trial Counsel
444 S. Flower Street, Suite 900
Los Angeles, California 90071
Telephone: (323) 965-3998
Facsimile: (213) 443-1904

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**Southern Division**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>STUART FROST AND FROST MANAGEMENT COMPANY, LLC,<br><br>Defendants. | Case No. 8:19-cv-01559-JLS-JDE<br><br>**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S OPPOSITION TO DEFENDANT STUART FROST'S *EX PARTE* APPLICATION FOR LEAVE TO FILE A SUR-REPLY IN SUPPORT OT HIS MOTION TO EXCLUDE EXPERT TESTIMONY OF KEITH PALZER (DKT. NO. 94) AND MOTION TO EXLUDE THE EXPERT TESTIMONY OF ALEX MALEKI (DKT. NO. 95)** |

Case No. 8:19-cv-01559-JLS-JDE

1  　　　　The Securities and Exchange Commission ("the SEC") opposes Defendant
2  Stuart Frost's *ex parte* application ("Application") to file a supplemental reply in
3  support of his motion to exclude the expert testimony of Keith Palzer (Dkt. No. 94)
4  and Alex Maleki (Dkt. No. (95). The only purpose of Defendant's *ex parte*
5  application is to inform the Court that the SEC will not stipulate to a bench trial.
6  Defendant states that the SEC has changed its posture on that issue but, in fact, the
7  SEC's posture has never changed as it was never previously asked by Defendant's
8  counsel, or by Defendant's prior counsel, to stipulate to a bench trial.
9  　　　　In his answer to the SEC's complaint, Defendant demanded a jury trial. Dkt.
10 No. 16. In the face of the demand, and absent agreement by the SEC, the SEC is
11 entitled to a jury trial in this case. *SEC v Jensen*, 835 F.3d 1100 (9th Cir. 2016).
12 　　　　Currently under consideration are Defendant's motions *in limine* to exclude
13 two of the SEC's expert witnesses in this case: Keith Palzer and Alex Maleki. In
14 opposition to Defendant's motions, which were filed well before Defendant asked the
15 SEC to stipulate to a bench trial, the SEC noted that in his *ex parte* application to file
16 a motion for summary judgment, Defendants stated that they were contemplating
17 consenting to a bench trial. In its opposition to Defendant's motions *in limine*, the
18 SEC stated, in a footnote, that "the *Daubert* gatekeeping obligation is less pressing
19 when there is bench trial, where the "gatekeeper" and the trier of fact are one can the
20 same." Dkt. No. 113, at p. 3, fn.2.
21 　　　　Defendants contend that the SEC's footnote is "now misleading" and the Court
22 should allow him to file "supplemental briefing on the implications of the SEC's
23 change in course." Dkt. 129, at 5. Such relief is plainly not warranted. At the time
24 Defendant filed his motions *in limine* his demand for a jury trial stood. The SEC's
25 oppositions to his motions were drafted in that context, and the Court's pending
26 consideration of Defendant's motions is in that context. Unless and until the parties
27 stipulate to a bench trial, Defendant's motions *in limine* should be considered and
28 decided in the context of this case being tried to a jury. Nothing has changed since

1  Defendant's motions were fully briefed and there is no reason for Defendant to file
2  yet additional papers on the purported "implications" of this case being tried to a jury.
3       Furthermore, to the extent the prospect of a bench trial may cause the Court to
4  reserve ruling on Defendant's motions *in limine*, Defendant's *ex parte* application
5  makes plain that the SEC will not stipulate to a bench trial.  No more needs to be said.
6  Nor is there no reason for Defendant to file supplemental briefing to discuss the
7  "implications" of this case being tried to a jury.  That was always the case, and
8  remains the case.
9       For the foregoing reasons, the SEC respectfully submits that Defendant's
10 Application should be denied.

Respectfully submitted,

Dated:  November 10, 2021

*/s/ Donald W. Searles*
DONALD W. SEARLES
CHARLES E. CANTER
DOUGLAS M. MILLER
Attorneys for Plaintiff
Securities and Exchange Commission

# PROOF OF SERVICE

I am over the age of 18 years and not a party to this action.  My business address is:

U.S. SECURITIES AND EXCHANGE COMMISSION,
444 S. Flower Street, Suite 900, Los Angeles, California 90071
Telephone No. (323) 965-3998; Facsimile No. (213) 443-1904.

On November 10, 2021 I caused to be served the document entitled **PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S OPPOSITION TO DEFENDANT STUART FROST'S *EX PARTE* APPLICATION FOR LEAVE TO FILE A SUR-REPLY IN SUPPORT OT HIS MOTION TO EXCLUDE EXPERT TESTIMONY OF KEITH PALZER (DKT. NO. 94) AND MOTION TO EXLUDE THE EXPERT TESTIMONY OF ALEX MALEKI (DKT. NO. 95)** on all the parties to this action addressed as stated on the attached service list:

☐ **OFFICE MAIL:** By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices.  I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

☐ **PERSONAL DEPOSIT IN MAIL:** By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service.  Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

☐ **EXPRESS U.S. MAIL:** Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

☐ **UNITED PARCEL SERVICE:** By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

☐ **ELECTRONIC MAIL:** By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

☒ **E-FILING:** By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

☐ **FAX:** By transmitting the document by facsimile transmission.  The transmission was reported as complete and without error.

I declare under penalty of perjury that the foregoing is true and correct.

Date:  November 10, 2021           */s/ Donald W. Searles*
                                    Donald W. Searles

1

*SEC v. Stuart Frost, et al.*
United States District Court—Central District of California
Case No. 8:19-cv-01559-JLS-JDE

### SERVICE LIST

Andrew C. Callari
34197 Pacific Coast Highway, Suite 100
Dana Point, CA 92629
ac@callarisummers.com
***Attorney for Defendant Frost Management Company, LLC***

Marc J. Schneider
mschneider@stradlinglaw.com
Jason De Bretteville
jdebretteville@stradlinglaw.com
Kathleen M. Marcus
kmarcus@stradlinglaw.com
Sean T. Lobb
stlobb@stradlinglaw.com
Lisa M. Northrup
lnorthrup@stradlinglaw.com
Straddling Yocca Carlson & Rauth
660 Newport Center Drive, Suite 1600
Telephone: (949) 725-4000
***Attorneys for Defendant Stuart Frost***

2