UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.:  8:19-cv-01559-JLS-JDE                                         Date: November 15, 2021

Title:  Securities and Exchange Commission v. Stuart Frost and Frost Management Company, LLC

Present: **HONORABLE JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Elsa Vargas for Melissa Kunig | N/A |
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:         ATTORNEYS PRESENT FOR DEFENDANT:
         Not Present                                                                 Not Present

**PROCEEDINGS:** (IN CHAMBERS)  ORDER (1) DENYING PLAINTIFF'S MOTION TO EXCLUDE OR LIMIT EXPERT TESTIMONY OF ANDREW ACKERMAN AND RESERVING RULING AS TO KERRY JORDAN (Doc. 61); (2) DENYING DEFENDANT'S DAUBERT MOTION TO EXCLUDE OPINIONS OF KEITH PALZER (Doc. 94); AND DENYING DEFENDANT'S DAUBERT MOTION TO EXCLUDE EXPERT OPINIONS OF ALEX MALEKI (Doc. 95)

       Before the Court are three motions that seek to exclude certain experts' testimony and/or opinions: one filed by Plaintiff Securities and Exchange Commission ("SEC") and two filed by Defendants Stuart Frost and Frost Management Company, LLC (collectively, "Frost").  (Ackerman/Jordan Mot., Doc. 61, Mem., Doc. 61-1; Palzer Mot., Doc. 94; Maleki Mot., Doc. 95.)  Each of the motions is opposed.  (Ackerman/Jordan Opp., Doc. 116; Palzer/Maleki Opp., Doc. 114.)  Reply briefs have been filed.  (Ackerman/Jordan Reply, Doc. 120; Palzer Reply, Doc. 123; Maleki Reply, Doc. 124.)  The Court took this matter under submission without oral argument.  (Doc. 128.)  Having considered the briefing, the Court DENIES Plaintiff SEC's Motion to Exclude or Limit the Expert Testimony of Andrew Ackerman, reserves ruling on the Motion as to Kerry

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  8:19-cv-01559-JLS-JDE                                             Date: November 15, 2021

Title:  Securities and Exchange Commission v. Stuart Frost and Frost Management Company, LLC

Jordan, and DENIES Defendant Frost's Motions to Exclude Opinions of Keith Palzer and Alex Maleki.

## I.  BACKGROUND

This case arises from the conduct of Stuart Frost and Frost Management Company ("FMC") in raising funds and operating an incubator business model whereby those funds were invested into start-up companies created by another Frost-managed company, Frost Data Capital ("FDC").  (Ackerman/Jordan Mot. at 2.)

On August 13, 2019, the SEC filed the present action, whereby the SEC seeks to hold Frost liable for violations of the Investment Advisers Act of 1940 as a result of that conduct.  (Compl., Doc. 1.)  On March 26, 2021, the SEC filed a Motion for Partial Summary Judgment, which this Court subsequently denied.  (MSJ, Doc. 44; Order Denying MSJ, Doc. 118.)

This matter is scheduled for a Final Pretrial Conference on January 28, 2022.  (*See* Scheduling Notice, Doc. 110; Amended Scheduling Order, Doc. 76.)  The parties now move to exclude the testimony and opinions of certain experts.  On June 18, 2021, the SEC filed a motion seeking to exclude or limit the testimony of Andrew Ackerman and Kerry Jordan, experts retained by Frost.  (Ackerman/Jordan Mot.)  Frost "engaged Andrew Ackerman and Kerry Jordan as experts to examine and opine on matters pertinent to fees, disclosures, and the incubator structural models."  (Ackerman/Jordan Opp. at 7-8.)

On September 24, 2021, Frost moved to exclude the opinions of Keith Palzer and Alex Maleki, experts retained by the SEC.  (Palzer Mot.; Maleki Mot.)  The SEC retained Palzer as an expert to examine and opine on whether Defendants acted in accordance with investment fund standards and practices in their management of the five funds at issue in this case, and in the investments by the funds in the twenty-seven start-up companies created and managed by Frost.  (Palzer/Maleki Opp. at 6-7.)  The SEC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:19-cv-01559-JLS-JDE                                             Date: November 15, 2021

Title: Securities and Exchange Commission v. Stuart Frost and Frost Management Company, LLC

retained Maleki to examine and opine on whether Frost charged incubator fees in accord with industry standards. (*Id.* at 17.)

## II.     LEGAL STANDARD

Rule 702 provides that expert opinion is admissible if (1) the witness is sufficiently qualified as an expert by knowledge, skill, experience, training, or education; (2) the scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (3) the testimony is based on sufficient facts or data; (4) the testimony is the product of reliable principles and methods; and (5) the expert has reliably applied the principles and methods to the facts of the case. Fed. R. Evid. 702. *See also City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1043 (9th Cir. 2014).

In addition to the express requirements of Rule 702, a trial court "must assure that the expert testimony 'both rests on a reliable foundation and is relevant to the task at hand.'" *City of Pomona*, 750 F.3d at 1043-44 (quoting *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993)). Testimony is "relevant" if the knowledge underlying it has a "valid connection to the pertinent inquiry." *Id.* at 1044. Testimony rests on a "reliable foundation" if it is rooted "in the knowledge and experience of the relevant discipline." *Id.*

The proponent of the expert carries the burden of proving admissibility. *Lust By & Through Lust v. Merrell Dow Pharm., Inc*., 89 F.3d 594, 598 (9th Cir. 1996). Expert testimony is admissible if the reliability and relevance requirements are met by a preponderance of the evidence. *Daubert*, 509 U.S. at 593, n.10 (discussing applicability of Federal Rule of Evidence 104(a) to expert testimony and citing *Bourjaily v. United States*, 483 U.S. 171, 175-176 (1987), for preponderance standard).

The law is clear that this Court possesses "considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999). Furthermore, the

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  8:19-cv-01559-JLS-JDE   Date: November 15, 2021

Title:  Securities and Exchange Commission v. Stuart Frost and Frost Management Company, LLC
_____

exclusion of expert testimony is "the exception rather than the rule." Fed. R. Evid. 702 advisory committee note to 2000 amendment.

### III.   **DISCUSSION**

####   A.   **Ackerman/Jordan Motion**

The Court will consider separately the SEC's arguments with respect to the two individual experts.

#####      1.   **Ackerman Opinions**

The SEC moves to exclude Andrew Ackerman's opinions in their entirety on the grounds that: (1) his opinion regarding the reasonableness of FDC's fees lacks evidentiary foundation; (2) his observations concerning the structure of FDC's fee model require no specialized knowledge and are not tied to the facts; (3) his observation that the fees were negotiable does not require any specialized knowledge and improperly attempts to create a false factual narrative; (4) he has no expertise to opine on executive compensation and his opinions on that subject are not helpful to the trier of fact; (5) his opinion regarding the reasonableness of FDC's equity stake in the portfolio companies is irrelevant; (6) his attempt to explain Frost's motivations in creating portfolio companies is not proper expert testimony; and (7) his opinions regarding Frost's fiduciary duties are beyond the scope of his expertise and lack evidentiary support.  (*See* Ackerman/Jordan Mem. at 5-12.)  The Court addresses each argument in turn.

First, the SEC contends that Ackerman's opinion regarding the reasonableness of FDC's $30,000-$40,000 per month fees lacks evidentiary foundation.  (*Id.* at 5.)  For various reasons, the SEC asserts that points of Ackerman's opinion are "not tied to the evidence."  (*See id.* at 6-7.)  In essence, the SEC disagrees with Ackerman's conclusions and his factual assumptions; this is not proper grounds for the exclusion of his testimony.  To the extent Ackerman's opinions fail to take into account factual nuances, this provides

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  8:19-cv-01559-JLS-JDE                                             Date: November 15, 2021

Title:  Securities and Exchange Commission v. Stuart Frost and Frost Management Company, LLC

ground for impeachment, not exclusion.  *See Pyramid Techs., Inc. v. Hartford Cas. Ins. Co.*, 752 F.3d 807, 813 (9th Cir. 2014) ("The judge is supposed to screen the jury from unreliable nonsense opinions, but not exclude opinions merely because they are impeachable." (internal quotations omitted)); *City of Pomona*, 750 F.3d at 1044 (noting that "[t]he district court is not tasked with deciding whether the expert is right or wrong, just whether his testimony has substance such that it would be helpful to a jury" (internal quotations omitted)).

      Second, the SEC asserts that Ackerman's observations concerning the structure of FDC's all-you-can-eat model require no specialized knowledge and are not tied to the facts. (Ackerman/Jordan Mem. at 8.)  The rationale and desirability of a particular business model requires specialized knowledge of that model and its application, and thus, it is the proper subject of expert testimony.  The SEC's objection to Ackerman's opinions regarding the starting point for fee accrual is likewise unpersuasive; Ackerman's testimony regarding the starting point of fee accrual in the industry is helpful to the jury.  If specific facts in the record undercut Ackerman's opinions in this case, that subject is proper for cross-examination.  *See*, *e.g.*, *City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1044 (9th Cir. 2014) (noting that "[t]he district court is not tasked with deciding whether the expert is right or wrong, just whether his testimony has substance such that it would be helpful to a jury"); Fed. R. Evid. 702 Advisory Committee Note (2000) ("When facts are in dispute, experts sometimes reach different conclusions based on competing versions of the facts.  The emphasis in the amendment on 'sufficient facts or data' is not intended to authorize a trial court to exclude an expert's testimony on the ground that the court believes one version of the facts and not the other.").

      Third, the SEC's argument that Ackerman's testimony must be excluded because his observation that FDC's fees were negotiable does not require specialized knowledge provides no basis for exclusion.  (Ackerman/Jordan Mem. at 9.)  Ackerman's observation goes to the reasonableness of Frost's management approach, and the SEC's concerns

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:19-cv-01559-JLS-JDE                        Date: November 15, 2021

Title: Securities and Exchange Commission v. Stuart Frost and Frost Management Company, LLC

regarding the frequency of renegotiation may be properly addressed through cross-examination. (*See id.* at 10.)

       Fourth, the Court will not exclude Ackerman's testimony on the ground that he has no expertise to opine on executive compensation. (*See* Ackerman-Jordan Mem. at 10.) The SEC makes no argument to this effect, (*see id.*), and the arguments the SEC does make in this section do not support exclusion.

       Fifth, the SEC asserts that Ackerman's opinion regarding the reasonableness of FDC's equity stake in the portfolio questions is irrelevant. (*See id.* at 10.) Testimony on this issue may be relevant as it relates to whether Frost's management practices generally aligned with industry standards, which among other things, may speak to whether the SEC can prove the requisite scienter to prevail on its claims. To the extent testimony to this effect is offered, and the SEC still has concerns regarding its relevancy and admissibility, the SEC may raise objections at trial.

       Sixth, the SEC asserts that Ackerman's opinions describing Frost's motives in creating portfolio companies is not proper expert testimony and is based on an incomplete review of the facts. (*Id.* at 11.) Much of the Ackerman Report's discussion of incubator practices with respect to startup acceptance is appropriate. (*See* Ex. 1 to Searles Decl., Ackerman Report ("Ackerman Report"), Doc. 61-2 at ECF 15-16.) Some of the Report, however, appears to opine on Frost's subjective intentions for increasing the number of startups incubated. (*See id.* ("The increase in startups incubated was directly driven by the increase in available investment funds.").) Although inferences about the intent or motive of others typically lie outside the bounds of expert testimony, the Court will not exclude Ackerman's testimony or opinions until seeing how the facts develop at trial. *See In re Rezulin Prods. Liability Litig.*, 309 F. Supp. 2d 531, 547 (S.D.N.Y. 2004). And the SEC is free to raise objections to the scope of Ackerman's testimony regarding this issue at trial.

       Seventh, the SEC asserts that Ackerman's testimony should be excluded because his opinions regarding Frost's fiduciary duties to the Fund's investors is beyond his area

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:19-cv-01559-JLS-JDE          Date: November 15, 2021

Title: Securities and Exchange Commission v. Stuart Frost and Frost Management Company, LLC

of expertise and lacks evidentiary support. (Ackerman/Jordan Mem. at 11-12.) The referenced portion of Ackerman's Report does not address Frost's breach of fiduciary duty; however, it does state that had the Funds disclosed the full financials of the portfolio companies to their investors, they "would have explicitly breached confidentiality provisions in the Stock Purchase Agreements with the portfolio companies." (Ackerman Report at ECF 15.) To the extent the SEC believes (1) the evidence does not support Ackerman's conclusion, or (2) the testimony on this issue intrudes upon the province of the jury by providing legal conclusions, the SEC may raise objections at trial.

Accordingly, the SEC's motion as to Ackerman is denied.

### 2. Jordan Opinions

The SEC moves to exclude the opinions of Kerry Jordan on the grounds that: (1) she has no educational background or professional experience to opine on matters pertinent to fees, disclosures, and incubator models; (2) her opinions are wholly conclusory; (3) her opinions are not based on the evidence; (4) her observations concerning Frost's fiduciary obligations to the Fund's investors are beyond her area of expertise, misstate the law, and lack evidentiary foundation; and (5) her explanation of Frost's motivations in creating additional portfolio companies is not proper expert testimony and is based on an incomplete review of the facts. (Ackerman/Jordan Mem. at 12-17.)

Having reviewed Jordan's expert report and her biography and professional experience, the Court cannot conclude at this time that Jordan has sufficient experience and knowledge to qualify as an expert testifying about incubator models, disclosure of incubator fees, and various other disclosures. Although Jordan has a base of experience in the financial services industry, there is no indication in the materials provided that she has any specialized knowledge regarding incubator models in particular. (*See* Ex. 3 to Searles Decl., Jordan Report ("Jordan Report"), Doc. 61-2, at ECF 46-48; Ex. 8 to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:19-cv-01559-JLS-JDE                                 Date: November 15, 2021
Title: Securities and Exchange Commission v. Stuart Frost and Frost Management Company, LLC

Searles Decl., Jordan Deposition, Doc. 61-2, at ECF 398-219.) Accordingly, the Court is concerned that Jordan's testimony may lack "a reliable basis in the knowledge and experience," of the field of startup incubators. *Kumho Tire Co.*, 526 U.S. at 149.

      The "reliability inquiry is a 'flexible one.'" *United States v. Valencia-Lopez*, 971 F.3d 891, 898 (9th Cir. 2020) (quoting *Estate of Barabin v. Asten Johnson, Inc.*, 740 F.3d 457, 463 (9th Cir. 2014) (en banc)). The Court "has broad latitude in determining the appropriate form of the [reliability] inquiry," so long as it does not abdicate its gatekeeping role. *Id.* (quoting *Estate of Barabin*, 740 F.3d at 463); *see also Morgal v. Williams*, 2016 WL 1295132, at *1 (D. Ariz. Apr. 4, 2016) ("Indeed, this latitude allows a trial court to decide what proceedings, if any, are required to determine reliability."). Particularly when expert testimony is "experience-based," rather than "science-based," the reliability inquiry "becomes more, not less, important." *Valencia-Lopez*, 971 F.3d at 898. Accordingly, to discharge its gatekeeping duties, the Court reserves ruling on the motion to exclude Jordan's testimony until the parties have conducted voir dire at trial as to Jordan's experience. If the parties have concerns about whether voir dire should occur outside the presence of the jury, they may raise those concerns at the appropriate time. The parties should be prepared to explain exactly what expert opinions Jordan intends to offer and whether or not Jordan's particular experience offers a reliable basis to support those opinions.

      In advance of trial, however, the Court notes that even if Jordan is permitted to testify, Jordan may not "simply rehash[] 'otherwise admissible evidence,'" nor may Jordan's testimony "be presented to the jury solely for the purpose of constructing a factual narrative based upon record evidence." *Johns v. Bayer Corp.*, 2013 WL 1498965, at *28 (S.D. Cal. Apr. 10, 2013) (quoting *Highland Cap. Mgmt., L.P. v. Schneider*, 379 F. Supp. 2d 461, 468 (S.D.N.Y.)). "Such evidence is properly presented through percipient witnesses and documentary evidence, not through expert testimony." *Fujifilm Corp. v. Motorola Mobility LLC*, 2015 WL 757575, at *27 (N.D. Cal. Feb. 20, 2015) (internal quotations omitted). *See also In re Rezulin Prods. Liab. Litig.*, 309 F. Supp. 2d 531, 551

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:19-cv-01559-JLS-JDE                                Date: November 15, 2021

Title: Securities and Exchange Commission v. Stuart Frost and Frost Management Company, LLC

(S.D.N.Y 2004) (excluding expert's narrative of events where expert's "glosses" on the narrative were "simple inferences drawn from uncomplicated facts"). For example, testimony that the FDC "incubator model was an innovative hybrid of a venture studio and an incubator" that "made the highly desirable connection between venture capital funding and the companies born through the Incubator's ideation process," provides nothing more than a gloss on the factual narrative advanced by the defense. (Jordan Report at ECF 37.) Testimony of this nature is not appropriate expert testimony.

Accordingly, the Court reserves its ruling on the SEC's motion as to Jordan until the parties conduct voir dire.

     **B.**     **Palzer Motion**

Frost moves to exclude the expert testimony of Keith Palzer on the grounds that: (1) his testimony impermissibly intrudes into the province of the jury in making legal determinations, as his opinion concludes that Frost breached his fiduciary duties; (2) he is not an expert in the types of companies at issue in this case; and (3) his legal opinions are unreliable because they are based on an incorrect legal standard in considering the duties owed to the fund investors versus the duties owed to the funds. (Palzer Mot. at 10-17.) The Court denies the motion as more fully described below.

First, the Court agrees with Frost that expert testimony may not opine as to the appropriate outcome. (*See* Palzer Mot. at 10.) However, "[i]t is well-established . . . that expert testimony concerning an ultimate issue is not per se improper." *Hangarter v. Provident Life and Acc. Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004) (citation omitted). "Indeed, Fed. R. Evid. 704(a) provides that expert testimony that is 'otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact.'" *Id.* Moreover, the Ninth Circuit has specifically held that testimony regarding whether "[d]efendants failed to comport with industry standards" may be properly admitted at trial. *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  8:19-cv-01559-JLS-JDE                                                              Date: November 15, 2021

Title:  Securities and Exchange Commission v. Stuart Frost and Frost Management Company, LLC

Here, some of Palzer's opinions in his expert report directly state legal conclusions, such as opining that Defendants breached their fiduciary duties.  (*See, e.g.,* (Ex. 2 to deBretteville Decl., Palzer Report ("Palzer Report"), Doc. 95-1, at ECF 99) ("Defendants have therefore breached their fiduciary duties to the Fund and its investors by failing to disclose they would be charging Incubator Fees to the Seed Fund's Portfolio Companies.")); (*id.* at ECF 106 ("Defendants . . . and Defendant Frost . . . did not apply reasonable market Incubator Fees and did not allocate charges for such services on a proportional basis, thus breaching their fiduciary duties to the funds and the funds' investors.")).)

As set forth in the SEC's Opposition, however, Palzer's expected testimony at trial will not cross the line by stating that Frost breached his fiduciary duties.  (*See* Palzer/Maleki Opp. at 7-8, 12.)  Instead, like much of Palzer's report, his expected testimony properly addresses industry standards regarding incubator fees, disclosure to investors, management fees, and governance norms.  (*See* (Palzer Opp. at 7-8.); (*id.* at 12 ("[S]hould the Court decide Mr. Palzer's use of the phrase 'breach of fiduciary duty' . . . is too conclusory or steps over the line into an impermissible legal conclusion, Mr. Palzer can use alternative language to explain his opinions[.]").)  Accordingly, the Court will not exclude wholesale Palzer's testimony, and he may opine regarding industry standards and whether or not Frost's actions deviated from those standards.  To the extent Frost believes that Palzer's testimony intrudes upon the province of the jury by providing legal conclusions, Frost may raise objections at trial.

Further, Palzer has a sufficient foundation of knowledge to serve as an expert on this case and his testimony is not obviously unreliable.  Palzer works as a consultant advising financial clients on litigation, strategy, risk, compliance, and management issues in the asset management, wealth management, and financial markets sectors.  (Palzer Report at ECF 67.)  Prior to his current employment, he "launched, managed, closed, advised, and restructured hundreds of investment funds as a consultant, a banker, and a lawyer."  (*Id.* at ECF 68.)  His Report states that over the course of his career, he has

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.:  8:19-cv-01559-JLS-JDE | Date: November 15, 2021 |
| Title:  Securities and Exchange Commission v. Stuart Frost and Frost Management Company, LLC | |

worked "within the private fund space (defined as private equity, private credit, venture capital, hedge, and other types of funds not registered for public offer)," and a significant portion of that work has "involved private equity and VC managers." (*Id.* at ECF 69.) His experience does not need to be so narrowly tailored to the field of "venture studios," in order to be helpful to the trier of fact in providing context for practices in the broader private equity and venture capital fields. Indeed, if that were the standard, the Court would have excluded Frost's experts. To the extent Frost argues that Palzer's testimony fails to account for nuances of the venture studio field, that is the proper subject of cross-examination, rather than exclusion.

Palzer's testimony is not inherently unreliable to the extent it rests on legal standards with which Frost disagrees. (Palzer Mot. at 17-18.) As the Court has indicated, testimony specifically addressing whether Frost breached his fiduciary duties—whether to the funds or investors in the funds—will be excluded; thus, this issue will not be directly addressed by Palzer's testimony.

Accordingly, the motion is denied, subject to objections at trial.

### C.   Maleki Motion

Frost moves to exclude the expert testimony of Alex Maleki on the grounds that: (1) he fails to identify industry standards or a reliable source for any industry standards because none exist; (2) the best practices on which he opines did not exist until after Frost's supposed violations because Maleki acquired any expertise after Frost's violations allegedly occurred; and (3) Maleki improperly offers legal conclusions. (Maleki Mot. at 6-12.)

First, the fact that Maleki does not cite to codified industry standards, and codified industry standards do not exist, is not fatal to his testimony; he may testify regarding standard practices based on his experience working in the same industry. *See Fidelity Nat. Fin., Inc. v. Nat. Union Fire Ins. Co. of Pittsburg, PA*, 2014 WL 1286392, at *10 (S.D. Cal. Mar. 28, 2014) ("[A]n expert can inform the jury about . . . industry standards

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  8:19-cv-01559-JLS-JDE                                                                 Date: November 15, 2021

Title:  Securities and Exchange Commission v. Stuart Frost and Frost Management Company, LLC

based on his experience and knowledge[.]"); s*ee also Shyrack v. Prudential Prop. and Cas. Ins. Co.*, 2004 WL 6043273, at *2 (C.D. Cal. Dec. 22, 2004) (expert "permitted to testify, based on his experience . . . [that Prudential] failed to comport with industry standards").  For each of the conclusions that is the subject of Maleki's proposed testimony, Maleki has identified industry standard practices in his report.  (*See* Ex. 6 to deBretteville Decl., Maleki Report ("Maleki Report"), Doc. 95-1, at ECF 325-344.)  That Frost disagrees these are industry standards does not provide grounds for exclusion.

The case cited by Frost is inapposite.  In *Grdinich v. Bradlees*, 187 F.R.D. 77 (S.D.N.Y. 1999), the court considered expert testimony regarding industry standards for department store display safety, in particular, with respect to the display of ironing boards.  *Id.* at 81.  But there, in concluding that there was no reliable foundation for the expert's opinion, the court found that nothing in the expert's "deposition or expert report indicates that industry standards for the display of merchandise actually exist, other than general common-sense guidelines, such as stacking heavy items on lower shelves." *Id.* at 81-82.  Given the subject matter of the testimony in that case, the court arrived at the logical conclusion that no expert was needed.  By contrast, here, in an industry where multiple millions of dollars are invested, Maleki has sufficient knowledge and experience to opine as to whether industry standards exist with respect to the creation of new portfolio companies and what those standards are.

The Court is not persuaded by Frost's argument that the best practices Maleki cites are irrelevant because they did not exist until after Frost's supposed violations took place between 2012 and 2016.  (Maleki Mot. at 8-9.)  At his deposition, Maleki stated that he is part of an organization called the Venture Studio Collective, which is a collective of startup studios that share best practices, and he has worked with the organization since 2019.  (*Id.* at 8-9.)  Thus, the standards on which he opines were close enough in time to Frost's conduct such that the Court is not persuaded they are irrelevant.  *Cf. Smith v. Wasden*, 2016 WL 1275603, at *25 (D. Id. Mar. 31, 2016) (rejecting relevance of a 2009 treatise identifying industry standards to 1996 decisions made in the course of a ballistics

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  8:19-cv-01559-JLS-JDE                                   Date: November 15, 2021

Title:  Securities and Exchange Commission v. Stuart Frost and Frost Management Company, LLC

investigation because of the questionable relevance of "standards that were not identified until *many years* later" (emphasis added)).  If there is evidence these standards evolved over time, that is the proper subject of the impeachment of Maleki's testimony but is not grounds for exclusion.  In any case, Maleki's CV indicates that he has worked for a competitor of Frost's organizations, Idealab, since 2008, and the various positions he has held over the years provide an alternative foundation for his testimony regarding industry standards.  (*See* Appendix A to Maleki Report, Doc. 95-1, at ECF 340.)

Lastly, the Court finds that Maleki supplied no improper legal conclusions in ¶ 16 of his report.  (*See* Maleki Mot. at 10-11; Maleki Report at ECF 331-332.)  Accordingly, the Court will not exclude Maleki's testimony on this ground.

The motion is denied.

### IV.    CONCLUSION

Plaintiff SEC's Motion in Limine to Exclude or Limit Expert Testimony is DENIED as to Andrew Ackerman; the Court reserves ruling on the Motion as to Kerry Jordan.  (Doc. 61.)  Defendant Frost's *Daubert* Motions to Exclude Opinions of Keith Palzer (Doc. 94) and Alex Maleki (Doc. 95) are DENIED.

Initials of Deputy Clerk: eva/mku