DONALD W. SEARLES (Cal. Bar No. 135705)
Email: searlesd@sec.gov
CHARLES E. CANTER (Cal. Bar No. 263197)
Email: canterc@sec.gov
DOUGLAS M. MILLER (Cal. Bar No. 240398)
Email: millerdou@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Katharine Zoladz, Co-Acting Regional Director
Gary Y. Leung, Regional Trial Counsel
444 S. Flower Street, Suite 900
Los Angeles, California 90071
Telephone: (323) 965-3998
Facsimile: (213) 443-1904

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br>              Plaintiff, <br><br>     vs. <br><br> STUART FROST, <br><br>              Defendant. | Case No. 8:19-cv-01559-SPG <br><br> **PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S SUPPLEMENTAL BRIEF RE: *SEC v. HUSAIN*, 70 F.4th 1173 (9th Cir. 2023)** |

## I.    <u>INTRODUCTION</u>

In response to the Court's August 14, 2023 Order, ECF No. 181, Plaintiff Securities and Exchange Commission respectfully submits that the Ninth Circuit's recent decision in *SEC v. Husain*, 70 F.4th 1173 (2023), presents no obstacle to this Court's resolution of the SEC's pending motion for injunctive relief, ECF No. 160. *Husain* holds that when remedies are sought in summary judgment under Federal Rule of Civil Procedure 56, the district court cannot grant that relief when material facts are in genuine dispute. *See* 70 F.4th at 1180-81, 1185-85. That holding follows from the summary judgment standard of Rule 56. The motion at bar is not a Rule 56 motion. To the contrary, Frost has admitted liability on the SEC's Count Two, and the parties have stipulated that in deciding the SEC's motion:

> "the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition testimony taken in this action, the Admitted Facts, and documentary evidence, ***and may draw such inferences and find such facts as the Court deems appropriate, with or without a hearing***."

Stipulation at 2 (Oct. 26, 2022), ECF No. 157. Because Rule 56 and the summary judgment standard has no bearing on the Court's consideration of the SEC's motion, the Ninth Circuit's holding in *Husain* has no bearing either.

## II.    <u>ARGUMENT</u>

### A.    The *Husain* Majority Opinion

The SEC brought a civil enforcement action against Husain and his attorney Jaclin for their roles in a creating publicly-traded shell companies which they sold to privately-held companies, which allowed those privately-held companies to effectively become publicly traded without an initial public offering. *Husain*, 70 F.4th at 1176-77. In creating and registering the securities of those shell companies, however, Husain and Jaclin caused the companies to file misleading registration statements that concealed their roles in the scheme, with Husain coaching a nominal

CEO of one of the companies to testify falsely before the SEC. *Id.* at 1178-79. Both men were criminally prosecuted, and Husain pleaded guilty to conspiracy to obstruct an official proceeding, in violation of 18 U.S.C. § 371, and admitting that several SEC filings were materially false. *Id.*

Following the conclusion of the criminal proceedings, the parties filed cross-motions for summary judgment. *Husain*, F.4th at 1179. The district court granted the SEC's motion, finding Husain had violated the securities laws asserted in the complaint, including Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5. *Id.* Critically, the district court also "granted summary judgment on the issue of equitable remedies," and, applying the factors set forth in *SEC v. Murphy*, 626 F.2d 633, 655 (9th Cir. 1980), permanently enjoined Husain from future violations of the securities laws and ordered him to pay a statutory second-tier penalty. *Husain*, 70 F.4th at 1179-80. Husain then appealed only one aspect of the district court's ruling:  that that district court "erred *in granting summary judgment* on the amount of the civil penalty." *Id.* at 1180 (emphasis added).

Considering the applicable standard of review, the majority noted "a district court decision to grant summary judgment" is reviewed de novo, viewing the evidence in the light most favorable to the non-moving party and determining "whether genuine issues of material fact exist." *Husain*, 70 F.4th at 1180. The majority then acknowledged Ninth Circuit precedent that a lower court's remedies decision in an SEC enforcement action is reviewed for an abuse of discretion. *Id.* But in the case before it—where the factual findings supporting the district court's "formulation of remedies" under the securities laws were determined "on a summary judgment record," *id.*—the majority concluded that "Rule 56 principles" apply equally to requests for injunctive relief and the amount of civil penalties, such that the district court must determine whether material issues of fact are in dispute before awarding relief. *Id.* at 1180-81. This gating aspect of the case's procedural history— the district court made its remedies determination on summary judgment—then drove

the Ninth Circuit's disposition of Husain's appeal.

The majority identified three errors in the district court's civil penalty award, all of them couched expressly in the language of the Rule 56 summary judgment standard. First, the majority concluded that Husain's declaration that some of the proceeds of the scheme were used to pay Jaclin "established a genuine issue of material fact" so that "the district court erred in finding on summary judgment that [Husain's] 'gross pecuniary gain' was $1,757,000. *Husain*, 70 F.4th at 1184. Second, because "the summary judgment record did not establish as a matter of undisputed fact" Husain's lack of remorse and because some evidence indicated that Husain's scheme did not defraud investors, the majority concluded that the Husain "established a genuine issue of material fact whether he recognized the wrongful nature of his conduct." *Id.* at 1185. Finally, the majority concluded that, because Husain had presented evidence that he intended to defraud only the SEC and that he acted, in part, on reliance on advice from Jaclin, "Husain raised a genuine issue of material fact on the degree of scienter." *Id.*

**B.    Judge Wardlaw's Dissent**

Judge Wardlaw vigorously dissented, describing the majority's approach as "inconsistent with the text, purpose, and history of the civil penalty statute, as well as our binding precedent." *Husain*, 70 F.4th at 1187.

Judge Wardlaw considered the standard of review to be settled and confirmed by the Ninth Circuit as recently as last year: a district court's remedies decision is reviewed for abuse of discretion. *Id*. at 1194-95 (citing *SEC v. Murphy*, 50 F.4th 832, 842 (9th Cir. 2022) ("*Murphy II*"). The dissent then criticized the majority's reading of the record.

As to the district court's penalty finding, Judge Wardlaw took issue with Husain's contention that he had received only a portion of the scheme's proceeds. While the majority concluded that Husain's declaration established a genuine dispute, Judge Wardlaw traced the text and history of the civil penalty statute to conclude that

3

this dispute could not be material because nothing in the statute's term "gross amount of pecuniary gain" required traceable receipt of all proceeds. *Id.* at 1192-93.

On Husain's scienter, Judge Wardlaw reasoned that the undisputed, knowing conduct by Husain established scienter and the district court could properly weigh Husain's declaration "against his uncontroverted and admitted actions" to find a high degree of scienter warranting a significant penalty. *Husain*, 70 F.4th at 1196. Regarding contrition, Judge Wardlaw found no genuine dispute of material fact there either, but instead only disagreements about how the district court weighed the undisputed facts to assess Husain's contrition. Citing *Murphy*, Judge Wardlaw noted that "mere 'statements of reformation'" in a sworn declaration are insufficient. *Id*. Judge Wardlaw further pointed out the lack of evidence in the record that Husain ever admitted responsibility for his actions and plenty of undisputed evidence that he never took responsibility. Indeed, Husain "labeled his conduct only a 'mistake.'" *Id*.

Finally, Judge Wardlaw disagreed with the majority's proposition that any assessment a defendant's credibility is "almost always inappropriate on a summary judgment record." *Husain*, 70 F.4th at 1197. Because the *Murphy* factors requires the district court to weigh of evidence of a defendant's scienter and contrition, Judge Wardlaw cautioned that such a proposition "could effectively preclude any court from awarding injunctive relief or maximum civil penalties without an evidentiary hearing, even for confessed violation of the securities laws." *Id.*

Fortunately, the majority's proposition, as Judge Wardlaw made clear, is not the law: "as we held in *Murphy and Murphy II*, an evidentiary hearing is not required to determine a remedy for violations of the securities laws under the *Murphy* factors." *Id.* Thus, in *Murphy*, the court affirmed an injunction entered on summary judgment even though the defendant had submitted an affidavit to create a genuine issue of fact about his contrition. *Id.* (citing *Murphy*, 626 F.2d at 656). And in *Murphy II*, the Ninth Circuit, upheld an injunction on summary judgment even though the district court discredited defendants' sworn assurances against future violations because

those assurances contradicted by their current involvement in the securities industry and their failure to appreciate the wrongfulness of their actions. *Murphy II*, 50 F.4th at 852. As Judge Wardlaw noted, "it is entirely permissible, and even encouraged in the interest of judicial efficiency, for the district court to weigh a defendant's statements denying responsibility against his uncontroverted actions and assess a remedy under the *Murphy* factors on summary judgment." *Husain*, 70 F.4th at 1198.

The majority's response to Judge Wardlaw's critique, in footnote 19, shows why *Husain* is irrelevant to the motion before this Court:

> The dissent concludes that our ruling 'could effectively preclude any court from awarding injunctive relief or maximum civil penalties without an evidentiary hearing, even for confessed violations of the securities laws, because assessing the *Murphy* factors requires that the district court weigh evidence of a defendant's scienter and contrition.' *Our ruling does not reach so broadly*. Indeed, in this case, Husain does not dispute that the district court properly entered summary judgment on liability and properly entered a permanent injunction. On the amount of a civil penalty, however, *because the district court did not view the record evidence in the light most favorable to the non-moving party, it necessarily abused its discretion* in imposing a civil penalty of $1,757,000. Even so, provided that a district court properly views the evidence under Rule 56 of the Federal Rules of Civil Procedure, we do not suggest that it would abuse its discretion by imposing the maximum civil penalty on summary judgment.

70 F.4th at 1185-86, n. 19 (emphasis added.)  In sum, the majority explicitly cautioned that Judge Wardlaw's warning—that *Husain*'s practical consequence was an evidentiary hearing in every case where the parties contested the application of the *Murphy* factors—had mischaracterized the breadth of their holding. And to make their point, the majority again stressed that the appeal before them was from a summary judgment ruling. Because that procedural aspect of *Husain* was the linchpin to the circuit court's reversal, and because it is missing here, *Husain* does not impact this Court's authority to decide the SEC's injunction motion on the briefing before it.

**C.** **_Husain_ Does Not Cabin This Court's Resolution of the SEC's Motion for Injunctive Relief**

Both the majority and dissenting opinions are clear: _Husain_ is a summary judgment case. The majority opinion stands for the narrow proposition that a district court cannot grant relief on summary judgment where there are genuine issues of material fact underlying the factors for that relief. The centrality of the procedural posture is key to the majority's reversal and the dissent's disagreement with that reversal. The majority framed its standard of review entirely on "Rule 56 principles." _Husain_, 70 F.4th at 1180-81. Moreover, each error identified is described in terms of the summary judgment standard. _Id._ at 1184-85, 1186. Similarly, each point in rebuttal raised in Judge Wardlaw's dissent is expressly stated in terms of the summary judgment standard. _See id._ at 1193 ("the majority's asserted disputed 'facts' are material only if we depart from the courts' interpretations of 'gross pecuniary gain'"), 1195 ("There is no dispute of material fact as to Husain's scienter"), 1196 ("There is likewise no genuine dispute material fact regarding Husain's contrition."). And finally, as noted above, when warning that the majority's "logic could effectively preclude any court from awarding injunctive relief or maximum civil penalties without an evidentiary hearing, even for confessed violation of the securities laws," that warning is bookended with an express reference to "a summary judgment record and with reference to _Murphy_ and _Murphy II_, two precedential cases affirming injunctions entered on summary judgment. _Id._ at 1197.

The summary judgment standard is irrelevant here. The parties, through counsel, negotiated a set of facts that Frost has admitted. Frost has further admitted that these facts constitute violations of Section 206(4) of the Investment Advisers Act of 1940 ("Advisers Act"), 15 U.S.C. § 80b-6(4), and Rule 206(4)-8 thereunder, 17 C.F.R. § 275.206(4)-8. Contemporaneous with Frost's admission of liability, the parties stipulated that the SEC would file a motion for injunctive relief. Stipulation at 1 (Oct. 26, 2022), ECF No. 157. The parties also stipulated that

> "the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition testimony taken in this action, the Admitted Facts, and documentary evidence, and may draw such inferences and find such facts as the Court deems appropriate, with or without a hearing."

*Id.* Thus, the parties contemplated that the Court may need to resolve factual disputes in deciding the motion, and the parties agreed that the Court could resolve such disputes "with or without a hearing."

Indeed, Frost's most recent filing states that "the Parties have always agreed that the SEC was free to present additional facts, and that Frost was free to oppose those facts." Opp. to Pl. Motion to Strike at 2 (July 19, 2023), ECF No. 179. And Frost correctly notes the parties' agreement in his "Status Conference Statement" that "[t]here is nothing left for a jury to decide on [Claim Two]; "[a]ll that is left to adjudicate is the appropriate remedy (*i.e.*, monetary and/or injunctive relief), which is for the Court to decide." Status Conf. Statement at 2 (July 17, 2023), ECF No. 176. Thus, the one point of agreement at the July 5 status conference was that the Court can and should decide the SEC's motion.

To be sure, facts are disputed, especially regarding the degree of Frost's scienter in violating Section 206(4) and Rule 206(4)-8. Among other things, the parties also dispute how the Court should weigh Frost's assurances against future violations of the securities laws in light of his admissions and whether Frost appreciates the wrongful nature of his conduct. But all the evidence the Court might consider on these issues has been submitted, and the parties have agreed that the Court may resolve these factual disputes with or without a hearing as the Court deems appropriate. The summary judgment standard of Rule 56 does not apply, and *Husain* does not affect the Court's purview as contemplated and agreed to by the parties in their stipulation.

## III.   **CONCLUSION**

*Husain* does not preclude the Court from deciding the SEC's motion for

injunctive relief now. For the reasons set forth in the motion, supporting papers, and hearings, the motion should be granted.

Dated:  August 16, 2023                    Respectfully submitted,

                                            /s/ *Charles E. Canter*
                                            CHARLES E. CANTER
                                            Attorneys for Plaintiff
                                            Securities and Exchange Commission

## **PROOF OF SERVICE**

I am over the age of 18 years and not a party to this action.  My business address is:

U.S. SECURITIES AND EXCHANGE COMMISSION,
444 S. Flower Street, Suite 900, Los Angeles, California 90071
Telephone No. (323) 965-3998; Facsimile No. (213) 443-1904.

On August 16, 2023 I caused to be served the document entitled **PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S SUPPLEMENTAL BRIEF RE: *SEC v. HUSAIN*, 70 F.4th 1173 (9th Cir. 2023)** on all the parties to this action addressed as stated on the attached service list:

☐ **OFFICE MAIL:**  By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices.  I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

☐ **PERSONAL DEPOSIT IN MAIL:**  By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service.  Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

☐ **EXPRESS U.S. MAIL:**  Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

☐ **HAND DELIVERY:**  I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

☐ **UNITED PARCEL SERVICE:**  By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

☐ **ELECTRONIC MAIL:**  By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

☒ **E-FILING:**  By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

☐ **FAX:**  By transmitting the document by facsimile transmission.  The transmission was reported as complete and without error.

I declare under penalty of perjury that the foregoing is true and correct.


Date:  August 16, 2023                    */s/ Charles E. Canter*
                                      Charles E. Canter

*SEC v. Stuart Frost, et al.*
**United States District Court—Central District of California**
**Case No. 8:19-cv-01559-JLS-JDE**

## SERVICE LIST

Sheila Mojtehedi
Law Office of Sheila Mojtehedi
806 E. Avenida Pico, Ste. I-291
San Clemente, CA 92672
sheila@mojtehedi.com
***Attorney for Defendant Frost Management Company, LLC***

Marc J. Schneider
mschneider@stradlinglaw.com
Jason De Bretteville
jdebretteville@stradlinglaw.com
Kathleen M. Marcus
kmarcus@stradlinglaw.com
Sean T. Lobb
stlobb@stradlinglaw.com
Lisa M. Northrup
lnorthrup@stradlinglaw.com
Straddling Yocca Carlson & Rauth
660 Newport Center Drive, Suite 1600
Telephone: (949) 725-4000
***Attorneys for Defendant Stuart Frost***