UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

---

HONORABLE SHERILYN PEACE GARNETT, JUDGE PRESIDING

---

```
SECURITIES AND EXCHANGE      )
COMMISSION,                  )
                             )
          Plaintiff,         )
                             )
                             )
     vs.                     ) NO:  SA CV 19-1559-SPG
                             )
                             )
STUART FROST, et al.,        )
                             )
          Defendants.        )
_____)
```

REPORTER'S TRANSCRIPT OF PROCEEDINGS

(FURTHER STATUS CONFERENCE)

Los Angeles, California

Wednesday, October 26, 2022

_____

**KATHERINE STRIDE, CSR 11773, RPR**
Federal Official Court Reporter
350 West 1st Street, Suite 4455
Los Angeles, California 90012
KATHERINE_STRIDE@CACD.USCOURTS.GOV

**APPEARANCES:**

In behalf of the Plaintiff:

    CHARLES E. CANTER, ESQ.
    US SECURITIES AND EXCHANGE COMMISSION
    444 South Flower Street, Suite 900
    Los Angeles, CA  90071
    (323)965-3998
    Email: canterc@sec.gov

In behalf of the Defendants:

    LISA M. NORTHRUP, ESQ.
    STRADLING YOCCA CARLSON & RAUTH
    660 Newport Center Drive, Suite 1600
    Newport Beach, CA  92660
    (949)725-4000
    Email: lnorthrup@stradlinglaw.com

1          **LOS ANGELES, CALIFORNIA; WEDNESDAY, OCTOBER 26, 2022;**

2                              **1:40 P.M.**

3

4               THE CLERK:  Calling Item No. 1,

5     SA CV 19-1559-SPG, Securities and Exchange Commission

6     vs. Stuart Frost, et al.

7               Counsel, please make your appearances.

8               MR. CANTER:  Charles Canter for the Commission.

9               MS. NORTHRUP:  Lisa Northrup on behalf of

10    Defendant Stuart Frost.

11              THE COURT:  All right.  Good afternoon.  I

12    received the parties' stipulation proposed order and the

13    admitted facts and admission of liability under

14    Claim 2.

15              So, admittedly, I have not had a chance to read

16    the admitted facts, but I just had a few questions

17    regarding the plan.  It's my understanding from the

18    parties that you wish to enter into a stipulation that

19    would allow for the Defendants -- strike that -- the

20    Plaintiff to file a motion, and the motion would be a

21    motion for injunctive relief.

22              MR. CANTER:  Yes, Your Honor.  So -- so -- so

23    if you recall, I think, from our first hearing before

24    Your Honor, the principal sticking point in this case is

25    whether any injunction should issue because of the

1  collateral consequences for Mr. Frost, and that's the
2  one thing that the SEC can't compromise on in any of
3  these civil injunctive actions. So what we've -- we've
4  come up with is a way to short-circuit what would be a
5  very lengthy trial to get to this question of should
6  there be -- should an injunction issue -- and stop me if
7  I'm -- if I'm providing too much explanation -- but the
8  civil enforcement action by the SEC has neither a fish
9  nor fowl quality in that there's -- there's a jury right
10 to -- to a determination of liability, but then
11 everything after that, there's no damages or anything
12 like that. Everything remedial is for the judge to
13 decide, and so it has -- the way they would work -- the
14 way they generally work is either there's a Summary
15 Judgment or a trial, a determination of liability, and
16 then there's a subsequent motion usually by motion
17 practice where the SEC says, you know, please enjoin the
18 Defendant for future violations, you know, assess
19 penalties, and order disgorgement, and then -- and then,
20 you know, that works itself out.
21         Alternatively, there are, frequently, what we
22 call bifurcated settlements where the Defendant or
23 Defendants will consent to entry of an injunction, and
24 then if the parties can't agree on the monetary relief,
25 then it gets submitted to the Court.

1         So what we're doing here is we're -- we're
2    skipping ahead.  We're skipping the trial on Claim 2.
3    There's a determination of liability and a -- and a
4    factual basis for that, and so the parties -- we, the
5    Commission, would file a motion, and we anticipate it
6    would just be for injunctive relief at this time and
7    support that motion with the documentary evidence,
8    deposition testimony, potentially Declarations, there
9    will be an opposition by Frost, a reply.
10        And then -- and then we sort of leave to the
11   Court whether the Court wants a hearing or not on that
12   motion, and because we're talking about equitable
13   relief, you know, the Court has broad discretion both,
14   obviously, in the -- the award or not -- you know,
15   decision not to award injunctive relief or enter
16   injunctive relief and the how you go about doing that in
17   terms of what evidence to consider and whether to have a
18   hearing -- evidentiary hearing or otherwise.
19        THE COURT:  Okay.  And I note that the parties
20   have sort of put page limitations on that.
21        MR. CANTER:  Yeah.  So there are two sets of
22   page limitations.  So the -- the first set on that
23   motion is just that was taken from Your Honor's standing
24   order -- 25, 25, 15 -- and then the -- in the event that
25   there is no -- so should the Court grant an injunction,

1    we believe that there will be a prompt resolution of the
2    case because that would kind of obviate all the
3    disputes, and we'll figure a way to work everything else
4    out; and, if not he, then we've agreed, subject to -- to
5    Your Honor's approval, that the Defendant should be able
6    to file this limited Summary Judgment on Claim 1, and
7    the reason for that is, you know, fundamentally, the
8    argument is, notwithstanding, you know, sort of nothing
9    the SEC can prove would be legally sufficient to -- to
10   make out a claim under -- to provide liability for
11   Claim 1, 206.1 and.2.
12           So if we don't -- if we don't have a -- if
13   there's not sort of an allowance for this narrow legal
14   question before trial, the next procedural place for it
15   is as a judgment as a matter of law after our case in
16   chief, which is not -- no one wants that should the
17   Court agree with the Defendants.
18           So that's -- that's the thinking there, but we
19   did put on shorter page limits on that in, again,
20   discussions with Defendants and with the Court.  We
21   expect that to be a narrow-focused motion should --
22   should we get to that point.
23           THE COURT:  With regard to the admitted facts,
24   do they account for all the material facts as to
25   Claim 2, or are the parties allowed to add additional

1  facts?
2          MR. CANTER:  Yeah.  So -- so what -- what
3  those -- those facts account for are all of the
4  sufficient facts for liability, but the Court could
5  still and the SEC intends to, for example, put on
6  evidence that, notwithstanding, Mr. Frost only admits
7  negligence, in fact, the Court can, from the evidence,
8  infer some degree of scienter.
9          The -- the -- the injunction -- whether to
10 issue an injunction is -- is a multi-factor tests.  Not
11 one of those factors is dispositive.  One of the factors
12 is scienter; but, ultimately, the question is simply
13 whether or not there's a likelihood of future
14 violations.
15         So it happens that -- and it's not infrequent
16 that -- that, for example, following a trial, there
17 might be a trial where the claim -- a claim such as
18 Claim 2, 206.4, and Rule 206.4.8, the SEC will -- will,
19 there will be a finding of liability but that will only
20 entail a finding of negligence, but then the SEC will
21 then argue, again, that subsequent remedial phase to the
22 Court, "Your Honor, notwithstanding that that's all
23 that's required, you can still find scienter, and if you
24 do, that weighs in favor of an injunction."
25         Now, it could also happen that the Court might

1  find scienter and not enter an injunction because it's,
2  again, it's one of those amorphous, multi-factor,
3  balancing tests, you know, that we find in equity a lot.
4          THE COURT:  Okay.  Anything to add?
5          MS. NORTHRUP:  I'll only just add that I think
6  I agree with Mr. Canter's overall characterization of
7  the process and, you know, Defendant Frost will be
8  intending to submit an opposition, facts that we
9  consider material to the determination of should there
10 be any injunctive relief.
11         THE COURT:  Okay.  So I'll take a look at the
12 stipulation more closely as well as the admitted facts.
13 And, first of all, let me say I do appreciate the
14 parties' hard work on this.  I know that, you know,
15 given the nature of the case, it wasn't easy to kind of
16 narrow it down to and streamline it the way you're
17 trying to do.  So I do appreciate the time and effort
18 you've put into this, and I'll honor that.
19         At this stage, I don't see any reason not to
20 sign the proposed order, but like I said, I have to read
21 it carefully.  So, hopefully, you'll get that back very
22 soon.
23         Anything further?
24         MR. CANTER:  No, thank you.
25         MS. NORTHUP:  No.  Thank you, Your Honor.

```
1            THE COURT:  All right.  Thank you.
2
3                  (Proceedings concluded)
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

**C E R T I F I C A T E**

I hereby certify that, pursuant to Title 28, Section 753, United States Code, the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

Certified on September 1, 2023.

_____
KATHERINE M. STRIDE, RPR, CSR
Official Court Reporter
License No. 11773